[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 426 
The Revised Statutes (1 R.S. p. 665, § 26) declare that every lottery, game, or device of chance in the nature of a lottery, by whatsoever name it may be called, other than such as have been authorized by law, shall be deemed unlawful. It must have been set on foot for the purpose of disposing of property. (People
v. Payne, 3 Denio, 88.) It cannot be doubted, but that the purpose of the defendants, in contracting for the goods sold to them by the plaintiff, was to dispose of them to the public at more than their real value. This was to be effected, by the incitement and temptation held out to each purchaser, that while he paid more than the real value of the package that he bought, he *Page 427 
also bought the chance of obtaining another article much exceeding in value the price paid. He would it is true get some real value, but so much less than the price that he paid, that he would not have been likely to pay that sum for it, but for the chance, and the hope excited by the chance, that he might also get therefor, another article of greater value than the amount paid. This was a lottery within the meaning of the statute. It was to set up chattels, to be distributed by lot, to any person who should have paid a valuable consideration for the chance of obtaining such chattels. (Id., § 1.) It was a lottery, or device of chance in the nature of a lottery. (§ 26.) It is directly within the definition of Worcester: "A hazard in which sums are ventured for the chance of obtaining a greater value."
Where a pecuniary consideration is paid, and it is determined by lot or chance, according to some scheme held out to the public, what and how much he who pays the money is to have for it, that is a lottery. (State v. Clarke, 33 N.H., 329;Governors, etc., v. Am. Art Union, 7 N.Y., 228.) It was unauthorized by law. It therefore fell within the prohibition of the statute. (§ 26.)
Now is there any doubt, but that the plaintiff sold and delivered the goods to the defendants that they might be thus disposed of? The referee finds, that they were so put up by the plaintiff as that each package of lesser value either had concealed in it a ticket, or had in it no ticket, on which was the name of some one of the articles of greater value; that these packages of lesser value were exposed for sale with the packages of greater value in view; that each purchaser of a package of lesser value was made to know, before his purchase was made by him, that if he by chance got a package in which was concealed a ticket, he was also entitled to an article from those of greater value, which was named upon that ticket. The referee also finds, that the plaintiff had reasonable cause to believe, that when he sold the goods to the defendants, they intended to use them in violation of the statutes against lotteries. Upon these *Page 428 
findings of fact, his judgment for the plaintiff cannot be sustained, unless he is right in his conclusion of law: "That the bare knowledge of the plaintiff that the defendants intended to use said goods unlawfully is not sufficient to vitiate the contract of sale, and render it illegal and void."
We are not left to the rules of the common law alone, to determine whether this conclusion of law is correct. The statutes against lotteries have provisions touching the subject. Section 38 of the Revised Statutes above cited (1 R.S., 668, § 38) declares that every sale of any goods, for the purpose of aiding in a lottery, is void and of no effect. It is difficult to perceive how a sale of goods so packed and arranged as to enable the purchaser, without alteration or readjustment of them, to carry out a scheme, which when accomplished is an unlawful lottery; and sold thus with knowledge, or with reasonable cause for belief, that the purchaser by the disposal to the public of the goods thus arranged intended to violate the statutes against lotteries, is not a sale for the purpose of aiding in such lottery. It cannot be otherwise. The sale by the plaintiff to the defendants was to aid in carrying on an unlawful lottery, and was void. As the sale was unlawful and void, the contract of sale was the same and cannot be enforced. It is in violation of a penal and prohibitory statute, and the court cannot lend the aid of the law to carry it out and enforce it in favor of a party to it.
Nor does this conclusion rest alone upon the prohibition of section 38 above cited. The plaintiff cites, as an authority in his favor, Tracy v. Talmage (14 N.Y., 162). That case does hold, that mere knowledge by the vendor, that the purchaser intends to make an unlawful use of the property, is not a defence to an action for its price That is perhaps all that was necessary to decide in that case, for the determination of the questions there involved. But it is also said there, that if the vendor, with knowledge of the intent of the purchaser, do anything beyond making the sale, to aid or further the unlawful design, he cannot recover for the property. And in the opinion *Page 429 
given there, are cited the not unfamiliar English cases, in which it is held, that if goods be bought with the purpose of smuggling them into England, though the vendor have knowledge of the purpose, he may recover the price of the goods, if he do nothing to aid in carrying out the design (Holman v. Johnson, Cowp., 341); but if he has so packed the goods as to facilitate the smuggling, he is regarded as particeps criminis and cannot recover. (Biggs v. Lawrence, 3 T.R., 454; Clugas v.Penaluna, 4 id., 466; Waymell v. Reed, 5 id., 599.)
The acts of the plaintiff bring him within the principle established by those authorities. We know of no authority in this State which is in conflict with that principle.
The order appealed from should be affirmed and judgment rendered for defendants on the stipulation.
All concur.
Order affirmed and judgment accordingly.