HENRY R. WILKINSON, RESPONDENT, *v.* JAMES GILL, APPELLANT.

*Lotteries — what are —* 1 *R. S.* [*Edm. ed.*], 619, § 32.

The defendant sold to the plaintiff slips of papers containing numbers, upon which if such numbers were drawn in the Kentucky State Lottery he would be entitled to receive certain sums of money. *Held*, that the sale of those numbers was in fact the sale of an interest in, or "portion of an illegal lottery" set on foot by the defendant, within the meaning of section 32 of 1 Revised Statutes [Edm. ed.], 619.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

This action was brought by the plaintiff to recover back money paid for lottery tickets, and for shares, interests and prizes, or rights to prizes dependent on the drawings of the Kentucky State Lottery.

It appeared from the evidence, that the defendant kept an office on the corner of Pearl and Chatham streets, in the city of New York, where he acted as policy dealer, and dealt in lottery tickets.

There the plaintiff purchased of him, in 1872, lottery tickets, which, if they drew prizes, were there presented to the defendant and the money received by the plaintiff. The prizes depended upon the drawing of the Kentucky lottery. If one number on plaintiff's ticket was drawn in the lottery, it entitled him to a certain sum ; if two of the numbers were drawn, he got a much larger sum, and so on in proportion, but if no number on his ticket was drawn, he lost his money and got nothing. By the sale of such tickets it was alleged that the defendant got from the plaintiff $3,601.08.

The jury found a verdict in favor of the plaintiff for $1,422.76.

*Charles Matthews*, for the appellant.

*E. H. Benn*, for the respondent.

DAVIS, P. J.:

This action is brought under section 32, part 1, chapter 20, article 4, title 8 of the Revised Statutes (1 R. S., p. 667), which is as follows:

" § 32. Any person who shall purchase any share, interest, ticket, certificate of any share or interest, or part of a ticket, or any paper or instrument purporting to be a ticket or share or interest in any ticket, or purporting to be a certificate of any share or interest in any ticket, or in any portion of any illegal lottery, may sue for and recover double the sum of money, and double the value of any goods or things in action, which he may have paid or delivered in consideration of such purchase, with double costs of suit."

On the trial, the jury rendered a verdict for the plaintiff for $1,422.76. The defendant appealed from the judgment entered thereon, and from the order of the court denying the motion for a new trial.

The exceptions to the charge were not sufficiently specific to raise any question for review. It does not appear by the case that the motion to set aside the verdict was passed upon at all by the court below. The motion to dismiss the complaint was properly denied, because there was in the case evidence tending to establish a cause of action. Whether it was sufficient to cover the whole amount demanded by the complaint, or a smaller sum, was not material upon such a motion. We think there was no error in admitting evidence of the destroyed tickets or policies. The testimony shows that the defendant sold to the plaintiff, from time to time, divers numbers, or slips of paper containing numbers, upon which he would be entitled to receive certain sums of money if such numbers were drawn in the Kentucky State Lottery. These numbers were called, in the slang phraseology of the defendant's business, " gigs," " horses " and " saddles." But the name is, of course, of no importance; the statute looks at the substance of the thing. In our opinion, the sale of these numbers was, in fact, the sale of an interest in or " portion of an illegal lottery " set on foot by the defend-

ant, the drawings of which were dependent upon the drawings of the Kentucky lotteries ; and that the transactions were within the statute upon which the action is brought, and the plaintiff was entitled to recover back his money. (*Hull* v. *Ruggles*, 56 N. Y., 424 ; *Governors of the Alms-house* v. *The American Art Union*, 7 id., 228.)

Judgment should be affirmed.

Brady and Daniels, JJ., concurred.

Judgment affirmed.