## · MERCY T. ROSS–LEWIN, APPELLANT, v. SARAH JOHNSON, RESPONDENT.

*Sale of merchandise to be used for an illegal purpose — the sale is valid unless the seller aided in doing the wrongful act.*

It is no defense to an action brought to recover the purchase-price of whisky sold by a dealer therein, to show that the purchaser, an inn-keeper, having no license, intended to sell the same by the glass in violation of the excise law, and that the seller knew that he had no license and intended to so sell the whisky purchased.

The offense of selling liquor without a license is not a *malum in se*, but merely a *malum prohibitum*.

APPEAL from a judgment, entered upon a nonsuit granted at the Jefferson Circuit.

The action was originally commenced in the name of Jarvis Lord and William H. Ross Lewin who were merchants doing business in the name of Jarvis Lord & Co. By an order of the court, made previous to the trial, the appellant was substituted as plaintiff. The action is founded upon the defendant's written guaranty of payment of all bills of liquor which Jarvis Lord & Co. might sell to John Johnson her husband. Jarvis Lord & Co. were merchants and dealers in liquor at Rochester, N. Y., and sold to Johnson, who resides in Brownville, Jefferson county, six barrels of whisky in three separate sales, two barrels each, and there is unpaid on these several bills the gross sum of $205.81. The defense is interposed that the contract is void, for the reason that Johnson purchased the goods with an intention on his part to sell the same, without license, in violation of the license laws. The facts upon which this defense is based are set forth in a written stipulation which states : " That upon delivery of the liquor to Johnson, the same was sold and retailed by him in his business as inn-keeper in quantities less than five gallons at a time, the same being sold by the glass to be, and was drank upon his premises without having a license therefor. That the vendors knew at the time the agreement or guaranty was executed by the defendant and at the time of the sales to Johnson that he was engaged in the business of keeping a hotel, and as part of such business sold and retailed intoxicating liquors in quantities

less than five gallons at a time, to wit, by the glass, the same to be drank on his premises.

That the liquors in question were sold and delivered in packages, such as the sellers used when dealing with their regular customers. It was also admitted that the vendors had knowledge at the time of such sale that Johnson had no license to sell liquors in quantities less than five gallons, to be drank upon his premises, and that the liquors were purchased by Johnson for the purpose of being used in his business of hotel-keeping.

*Edmund B. Wynn*, for the appellant.

*O'Brien & Emerson*, for the respondent.

BARKER, J.:

The contract for the sale of the liquors by Jarvis Lord & Co. to Johnson was lawful in every respect. They were merchants dealing in goods of this character, and in this transaction they did not violate any law of the land. On delivering the goods to the purchaser the contract was completely executed, and the title to the liquors passed from them to Johnson, the purchaser. It is admitted that the vendors knew at the time of the sale that it was the purpose of the purchaser to sell the liquors in violation of the excise laws, but it is not pretended that they did any act, in addition to the sale, in aid or furtherance of the unlawful purpose of the purchaser.

The question presented is whether the prior knowledge by a vendor of merchandise that the purchaser intends to make an unlawful use of the articles sold will prevent a recovery of the purchase-price. It is now well settled by the authorities in this State that it will not. The precise question was presented and decided in *Tracy* v. *Talmage* (14 N. Y., 162), where the court laid down this proposition: "That it is no defense to an action brought to recover the price of goods sold that the vendor knew that they were bought for an illegal purpose, provided it is not made a part of the contract, that they shall be used for that purpose, and that provided also, that the vendor has done nothing in aid or furtherance of the unlawful designs. * * * I think it clear in reason, as well as upon authority, that in a case like this, where the sale is not *necessarily per se* a violation of law, unless the unlawful purpose enters into and forms

a part at the contract of sale, the vendee cannot set up his own illegal intent in bar of an action for the purchase-money." This statement of the law remains undisturbed and unquestioned, and has been frequently referred to since by the same court with approval.

In *Arnot* v. *Pittston and Elmira Coal Company* (68 N. Y., 558) the rule of law on the question before us was stated to be the same as laid down in *Tracy* v. *Talmage*, and substantially in the same language, to wit: "A vendor of goods may recover for their price, notwithstanding that he knows that the vendee intends an improper use of them, so long as he does nothing to aid in such improper use or in the illegal plan of the purchaser."

An English case, *Hodgson* v. *Temple* (5 Taunt., 181), directly in point may be cited, which gives the law in England on the same question. In this case a buyer of spirituous liquors was known to be carrying on a rectifying distillery and a liquor shop at the same time contrary to law. The vendors of the spirits were allowed to recover the price. Sir JAMES MANSFIELD said: "The merely selling goods, knowing that the buyer will make an illegal use of them, is not sufficient to deprive the vendor of his just right of payment, but to effect that it is necessary that the vendor should be a sharer in the illegal transaction." In other English cases the same rule of law is stated, some of them being cited and commented upon and approved in *Tracy* v. *Talmage* (*supra*).

The learned counsel for the defendant cites us to the cases of *Hull* v. *Ruggles* (56 N. Y., 424) and *Arnot* v. *Pittson and Elmira Coal Company* (68 id., 558) in support of his position, that the sellers are *particeps criminis* with the purchaser in his illegal purpose and transactions. On a careful examination of these cases it will be observed that in each instance the suit was to recover the contract price of goods sold, the court holding that the contract in terms was to do an unlawful and illegal act. The court at the same time remarking that the cases were distinguishable from *Tracy* v. *Talmage*, and the law as there stated approved.

It is also argued in behalf of the defendant that the case before us should be distinguished from the cases cited for the reason that the illegal act contemplated by the vendee was *malum in se* and not merely *malum prohibitum*. It is a sufficient reply to be made

to this suggestion to say that the offense of selling liquor without a license by an inn-keeper is not *malum in se.* It was not an indictable offense at common law for an inn-keeper to supply his guests with drinks for a price. An offense *malum in se,* is one which is naturally evil as adjudged by the sense of civilized communities, such as murder, arson, theft and the like. (Bouv. Dict.; *Hanauer* v. *Doane,* 12 Wall., 342). As the purchaser was liable on his contract to pay the purchase-price to the seller, the defendant as his guarantor is also liable upon her promise.

At the time the plaintiff was substituted as a party in the place of the original plaintiffs the action was at issue, and a written stipulation had been entered into between the parties admitting the sale to Johnson, and that there was unpaid $205.81. The present plaintiff was substituted on her own petition, in which she set forth her title to the cause of action, and upon due notice to the defendant an order was made granting the substitution.

On the trial the plaintiff gave in evidence the petition and order as evidence of her ownership of the cause of action. There was no amendment of the complaint after the substitution setting forth an assignment of the cause of action to the present plaintiff. In the motion for a nonsuit the point was made that the complaint did not show the cause of action in the plaintiff, and it had not been proved that she was the assignee and owner of the same. The respondent insists that upon these grounds the nonsuit should be sustained. The petition and order were properly received in evidence, and in the absence of any proof to the contrary they established that the present plaintiff is the owner of the cause of action sued upon. *Smith* v. *Zalinski,* (26 Hun, 225) affirmed in the Court of Appeals January, 1884.

Judgment reversed, nonsuit set aside, new trial granted, with costs to abide the event.

SMITH, P. J., and HARDIN, J., concurred.

So ordered.