## APRIL TERM, 1893.

CROSS ET AL., PLAINTIFFS IN ERROR, v. THE PEOPLE OF
THE STATE OF COLORADO, DEFENDANT IN ERROR.

1. CRIMINAL LAW—LOTTERY.
A lottery is a scheme by which, on one's paying money or some other
thing of value, he obtains the contingent right to have something
of greater value, if an appeal to chance, by lot or otherwise, un-
der the direction of the manager of the scheme, should decide in his
favor.
2. SAME—CONSIDERATION ESSENTIAL.
A valuable consideration must be paid, directly or indirectly, for a
chance to draw a prize by lot, to bring the transaction within the
class of lotteries or gift enterprises which the law prohibits as
criminal.
3. SAME.
A distribution of property by lot or chance, if not resorted to as a de-
vice to evade the law, and no consideration is derived directly or
indirectly from the party receiving the chance, does not constitute
an offense.

*Error to the Criminal Court of Arapahoe County.*

THE indictment charges plaintiffs in error with promoting,
advertising, and carrying on a lottery and gift enterprise in
the city of Denver, county of Arapahoe and State of Col-
orado.

The cause was heard at the September term, 1888, before
a jury, upon the following agreed statement of facts:

"It is agreed, that on the 27th day of June, A. D. 1888,
in the city of Denver, county of Arapahoe and state of Col-
orado, the defendants were engaged in the business of sell-
ing and disposing of shoes, boots and such-like articles of
wear; that there had been inserted in a newspaper published
in the said city of Denver the following card, (marked ex-
hibit 'A'):

VOL. XVIII—21

" ' Given Away—D. K. Cross & Co. give away pianos to advertise their shoe store, 1552 Larimer Street, Denver, Colorado. Every customer receives our numbered business cards, or one will be sent to any address on receipt of stamp for postage, or given to each adult person registering their name at our shoe store. The seventh piano will be given Nov. 1, 1888. Order shoes of us.'

Which said advertisement or business card was in publication at that date.

" That on the 27th day of June one Charles T. Linton did purchase at the place of business of said defendants articles of merchandise, the price of which exceeded the sum of one dollar, paying therefor the amount of said price.

" That in addition to the receipt for the articles so purchased and paid for as aforesaid there was given him by the defendants the following card, (marked Exhibit ' B ' ):

" ' D. K. Cross, the original piano shoe store, 1552 Larimer Street, Denver, Colorado. Branch store 1548 Lawrence Street. Save this business card until Nov. 1, 1888. We carry the largest stock of boots, shoes and slippers to be found in Colorado, and sell at the lowest prices. Send for catalogue. We have given away six pianos. 3250. (Over.)"

" ' Who will get the seventh?—Save this card until Nov. 1, 1888. The following persons received a piano from us free of cost: W. H. Scott, Mrs. L. P. McKee, Mrs. Hollingsworth, Mrs. Carrie Stephens, Lottie Hildebrand, Mrs. F. G. England (the sixth piano). D. K. Cross & Co., 1552 Larimer Street, Denver, Colorado. Sole agents for W. L. Douglas' $3.00 shoes for men and $2.00 shoes for boys.

" ' Cross' $3.00 kid button for ladies is equally as good as the Douglas' shoe for men.

" ' Ladies' and Gentlemen's fine shoes a specialty. Send for catalogue. P. O. Box 2670. We buy pianos from the King Piano Company. (Over.)'

" That it was understood that on the first day of November, A. D. 1888, that any and all persons holding such cards would have turned over to them, by the defendants, a piano,

which should be disposed of by all those persons present holding cards, by any means that they might adopt, to determine which one of the persons present, or not present, holding these cards, should receive the same by some device or game of chance, to be adopted by the holders of the ticket of the like kind of the one heretofore set out (Exhibit 'B').

" It is further agreed that any person who would make application to the defendants for one of these tickets could secure the same without the purchase of goods and could have a like chance to secure said piano, the same as though the tickets had been issued upon a sale of goods to the value of one dollar.

" And the foregoing was all the evidence introduced upon the trial of said cause."

The jury returned a verdict of guilty as charged in the indictment. Motions for a new trial and in arrest of judgment were filed and overruled, and defendants sentenced to pay a fine, with costs. Defendants bring the case here for review.

Messrs. COE & FREEMAN and Messrs. C. E. & F. HERRINGTON, for plaintiffs in error.

Mr. S. W. JONES, attorney general, and Mr. H. RIDDELL, for defendants in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

The principal question, and the only one of practical importance to the people and the plaintiffs in error, is presented by the fourth and fifth assignments of error; and, since it is decisive of the case, it is unnecessary to notice the other errors assigned.

The decision of this case depends upon the meaning to be given to the terms " lottery and gift enterprise " used in section 2196 of the General Statutes, page 677; and whether the facts admitted constitute a violation of that section.

The term "lottery" is said to have no technical significa-tion in the law; but to ascertain its meaning we are to con-sult the common usage of the language. The definition given by Worcester is: "A distribution of prizes and blanks by chance; a game of hazard in which small sums are ventured for the chance of obtaining a larger value."

Bishop defines a lottery as: "A scheme by which, on one's paying money or some other thing of value, he obtains the contingent right to have something of greater value; if an appeal to chance, by lot or otherwise, under the direction of the manager of the scheme, should decide in his favor." Bishop on Statutory Crimes, § 952.

The accepted doctrine by the court of appeals of New York is that given by Folger, J., in *Hull v. Ruggles*, 56 N. Y. 424:

"Where a pecuniary consideration is paid, and it is to be determined by lot or chance, according to some scheme held out to the public, what and how much he who pays the money is to receive for it—that is a lottery."

It may be accepted as the result of the adjudicated cases, that a valuable consideration must be paid, directly or indi-rectly, for a chance to draw a prize by lot, to bring the trans-action within the class of lotteries or gift enterprises that the law prohibits as criminal. *Buckalew v. State*, 62 Ala. 334; *State v. Bryant*, 74 N. C. 207; *Com. v. Wright*, 50 Amer. Rep. 306; *State v. Clarke*, 66 Amer. Dec. 723; *State v. Shorts*, 90 Amer. Dec. 668; *Wilkinson v. Gill*, 30 Amer. Rep. 264; *Governors v. Art Union*, 7 N. Y. 228; *State v. Mum-ford*, 73 Mo. 647; *Hull v. Ruggles*, 56 N. Y. 424; *Thomas v. People*, 59 Ill. 160; *U. S. v. Olney*, 1 Deady, 461; *Yellow-stone Kit v. State*, 7 Southern Rep. 338.

The gratuitous distribution of property by lot or chance, if not resorted to as a device to evade the law, and no con-sideration is derived directly or indirectly from the party re-ceiving the chance, does not constitute the offense. In such case the party receiving the chance is not induced to hazard money with the hope of obtaining a larger value, or to part

with his money at all; and the spirit of gambling is in no way cultivated or stimulated, which is the essential evil of lotteries, and which our statute is enacted to prevent.

By the admitted facts it is shown that the plaintiffs in error gave business cards, which entitled the holders to a chance in a piano, to be distributed as the holders of such chances might elect. These tickets, or chances, were given indiscriminately to persons whether they purchased goods of plaintiffs in error or not—to those who registered their names at their shoe store, and to those, who, from a distance, sent the return postage. While it is admitted that Charles Linton purchased goods to the amount of one dollar at their store and received one of these cards, it is admitted that such purchase, or any purchase of goods, was not a condition upon which the card was delivered.

The fact that such cards or chances were given away to induce persons to visit their store, with the expectation that they might purchase goods and thereby increase their trade, is a benefit too remote to constitute a consideration for the chances.

Persons holding these cards, although not present, were, equally with those visiting their store, entitled to draw the prize. The element of gambling that is necessary to constitute this a lottery within the purview of the statute, to wit, the paying of money directly or indirectly for the chance of drawing the piano, is lacking, and the transaction did not constitute a violation of the statute.

The judgment of conviction is reversed and cause remanded with directions to dismiss the proceeding.

*Reversed.*