(86 Misc. Rep. 255)

### CARL CO. v. LENNON et al.

(Supreme Court, Special Term, Niagara County. June 27, 1914.)

1. LOTTERIES (§ 3*)—WHAT CONSTITUTES.

The elements of a "lottery" scheme are a consideration, chance, and a prize, or an advantage or inequality in amount or value which is in the nature of a prize.

[Ed. Note.—For other cases, see Lotteries, Cent. Dig. § 3; Dec. Dig. § 3.*

For other definitions, see Words and Phrases, vol. 5, pp. 4245–4252; vol. 8, pp. 7710, 7711.]

2. LOTTERIES (§ 3*)—CONSIDERATION.

Where a clothing house sold small banks, the purchaser being entitled to participate in the drawing of prizes, the payment for the bank is also a consideration for the right to participate in the lottery, though the bank itself was worth the amount charged for it.

[Ed. Note.—For other cases, see Lotteries, Cent. Dig. § 3; Dec. Dig. § 3.*]

3. LOTTERIES (§ 3*)—WHAT CONSTITUTES.

Where a clothing house sold small banks to the number of 500, and on each day the name of one of the purchasers of the banks was drawn, and he became entitled to $1 worth of goods, although the price of the bank was but 25 cents, the scheme was a lottery, for there was an inequality among the purchasers, depending on chance, those whose numbers were immediately drawn having a distinct advantage over those who were not drawn until the end of the drawing; and a scheme may be a lottery, though every participant will ultimately receive property of the same value, if there is inequality dependent upon chance.

[Ed. Note.—For other cases, see Lotteries, Cent. Dig. § 3; Dec. Dig. § 3.*]

*For other cases see same topic & § NUMBER in Dec & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the Carl Company against George T. Lennon and others, as Police Commissioners of the city of Lockport, and George A. Brock, as Mayor thereof. On motion to vacate a temporary injunction. Injunction vacated.

M. A. Federspiel, Corp. Counsel, of Lockport, for the motion.
M. C. Holley, of Lockport, opposed.

POUND, J. Plaintiff is engaged in the business of retail dealer in dry goods and other merchandise in the city of Lockport. To promote trade, it offers for sale 500 small "banks" for 25 cents each. These banks are numbered consecutively from 500 to 999. As each bank is sold a record is taken of the name of the purchaser and the number of the bank purchased. Each day the name of some one purchaser is selected or drawn by plaintiff, and the number of the bank corresponding to the name thus drawn or selected is displayed in the window of plaintiff's store, one for each day. Then or thereafter the person whose number is thus displayed may select merchandise from plaintiff's stock of goods of the retail value of $1. Each purchaser's number will sooner or later be displayed, and each will thus at some time become entitled to select goods of the same value.

The defendants the police commissioners of the city of Lockport threaten to cause the arrest of the persons conducting the above transactions, if the same are not discontinued, on the ground that they constitute a lottery, in violation of the Penal Law of the state. Plaintiff obtained a temporary injunction restraining the police commissioners from interfering with the scheme, and defendants now move to vacate such injunction. The only question is whether such scheme for the distribution of merchandise comes within the definition of a lottery.

"A 'lottery' is a scheme for the distribution of property by chance, among persons who have paid or agreed to pay a valuable consideration for the chance." Penal Law (Consol. Laws, c. 40) § 1370.

[1] Three elements enter into a lottery scheme: (1) A consideration; (2) chance; (3) a prize, or some advantage or inequality in amount or value, which is in the nature of a prize. But to constitute a lottery the presence of an element of certainty does not necessarily destroy the existence or effect of the element of chance. Even though every participant in a scheme for the distribution of property ultimately becomes entitled to property of equal value, if there is an inequality dependent upon chance, the scheme is a lottery and under the ban. People v. Lavin, 179 N. Y. 164, 71 N. E. 753, 66 L. R. A. 601, 1 Ann. Cas. 165.

[2] Payment for the bank is a consideration for the right to participate in the benefits of the scheme, although the bank is worth the money paid for it. Taylor v. Smetten, 11 Q. B. D. 207.

[3] The only element of chance in plaintiff's scheme is that the time when the purchaser of a bank becomes entitled to receive his $1 worth of goods is so determined that of two purchasers on a certain day one may have the good fortune to have his name selected at once and the other may have to wait possibly 500 days before his

number is displayed.   Plaintiff relies in the main upon a dictum of Judge Blodgett in U. S. v. Zeisler (C. C.) 30 Fed. 499, as follows:

"If these drawings determined only *the time when* these bonds would be paid, I should say that the mere determining of that time by lot or drawing would not give them the characteristics of a lottery."

While this statement might possibly apply to interest-bearing obligations, where each purchaser received his investment with interest, subject only to the determination by chance as to when the obligation should mature, it could not be held to apply to the maturing of non-interest-bearing obligations, for, as is said by Judge Wellborn in U. S. v. Fulkerson (D. C.) 74 Fed. 619:

"It seems to me incontrovertible that an obligation for a given amount due to-day is more valuable, by at least current rate of interest, than an obligation for the same amount due one year hence, without interest.   If this be true, it follows, unavoidably, that time of payment is an essential element of value in noninterest-bearing obligations, and a scheme which involves such obligations, and matures them by chance, the other requisites being present, is a lottery."

So, also, Judge Woods in MacDonald v. U. S., 63 Fed. 426, 12 C. C. A. 339, is of the opinion that:

"It is idle to say that a sum or an obligation for a sum due and payable to-day, or at an early day, is of no more value than an obligation for an equal amount, without interest, payable at a remote and indefinite time."

Plaintiff's scheme seems like a harmless bit of advertising to attract people to the store with the certainty of getting $1.25 worth of goods for 25 cents.   Its dependence on the gambling instinct for success is almost negligible.   No homes will be wrecked or fortunes dissipated by so simple and innocuous an appeal to the fickle goddess. But, as "a bird in the hand is worth two in the bush," so a dollar to-day is worth more than a dollar payable a year hence, and the inequality in the value of the dollar's worth of merchandise, dependent upon the chance of present or future selection, is enough to characterize plaintiff's scheme as illegal, and to withhold from it the protection of a court of equity.

Injunction vacated.