THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FARMER MILLER, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CHARLES CRANIDES, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH KILEY, Appellant.

(Argued March 16, 1936; decided April 15, 1936.)

*Melvin A. Albert* and *Milton C. Weisman* for appellants.

*William F. X. Geoghan, District Attorney (George F. Palmer, Jr.,* of counsel), for respondent.

O'BRIEN, J. Defendants operate a motion picture theatre in Brooklyn and have been convicted of maintaining a lottery therein. Section 1370 of the Penal Law contains this definition: "A ' lottery ' is a scheme for the distribution of property by chance, among persons who have paid or agreed to pay a valuable consideration for the chance, whether called a lottery, raffle, or gift enterprise or by some other name." Section 1376 provides, "A person who offers for sale or distribution, in any way, real or personal property, or any interest therein, to be determined by lot or chance, dependent upon the drawing of a lottery within or without this state, or who sells, furnishes, or procures, or causes to be sold, furnished, or procured, in any manner, a chance or share, or any interest in property offered for sale or distribution, in violation of this article, or a ticket or other evidence of such a chance, share, or interest, is guilty of a misdemeanor."

The procedure whereby one becomes entitled to share in a chance to win a sum of money in the enterprise conducted by these defendants is thus described: A patron of the theatre buys a ticket of admission which entitles him to witness a motion picture. The holder of this ticket draws another ticket which one of the defendants tears in half, putting one-half into a box and returning the other half to the patron. Another defendant goes upon the theatre stage with a wheel, explains its operation, and when the wheel stops at a certain name he picks out a ticket with a number on it and announces that the holder of that ticket is the winner. The third defendant hands the money prize to the winner. The game is concededly one of chance. Defendant's argument is that no valuable consideration has been paid for the

chance and, therefore, the game is not a lottery. The question is whether, under these sections of the Penal Law, the process practiced by defendants whereby the purchaser of a ticket of admission to their theâtre obtains with that ticket a chance to win a sum of money constitutes the offense of maintaining a lottery and whether defendants' conduct was in violation of these provisions.

Defendants offered evidence tending to show the possibility of participation in the chance by those who bought no ticket of admission to the theatre and in no way paid any valuable consideration for the opportunity to share in the chance, but the trial court rejected the credibility of such testimony. In view of this rejection our decision in *People* v. *Mail & Express Co.* (231 N. Y. 586) has no application. The issue of law, therefore, is whether a payment which entitles one to a ticket of admission to the theatre plus a chance to win a prize constitutes payment of a valuable consideration for the chance. The language of section 1370 of the Penal Law and its predecessor has received the broadest interpretation. The sale of a piece of chewing gum for a penny which secured a chance to draw a prize in value according to the number on the package constitutes a lottery (*People* v. *Runge*, 3 N. Y. Crim. Rep. 85). This court has held that when a pecuniary consideration is paid and the return for that consideration — " what and how much he who pays the money is to have for it "— is determined by chance, the scheme constitutes a lottery (*Hull* v. *Ruggles*, 56 N. Y. 424, 427). The patron of these defendants' theatre paid his money at the box office and, in return for that consideration, received a ticket entitling him to witness a motion picture and a chance to win a money prize. He paid a valuable consideration for something determinable by chance. What was he to receive, merely a right to view a picture or that right in addition to a sum of money? The principle of this case is no different from the scheme described in *People ex rel. Ellison* v. *Lavin*

(179 N. Y. 164, 168), where the purchaser of cigars, upon presentation of cigar bands, became entitled to a chance to win a sum of money. We held in that case that persons among whom the distribution was to be made paid a valuable consideration for the chance when they purchased the cigars, the bands on which entitled them to compete for prizes. In neither case was an additional sum of money exacted for the chance to win. Here the theatre patron paid only the regular price of admission; there the purchaser of cigars paid no more than the usual price. The Austrian bond which was the subject of litigation in *Kohn* v. *Koehler* (96 N. Y. 362, 368) was not raffled nor distributed by lot or chance and under the Revised Statutes (1 R. S. p. 665, § 22) the scheme was not illegal (*People* v. *Wolf*, 14 App. Div. 73, 79; affd., 152 N. Y. 640).

As to each defendant the judgment should be affirmed.

CRANE, Ch. J., LEHMAN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgment affirmed.