80 So.2d 312

James Allen CLARK

v.

STATE.

6 Div. 841.

Supreme Court of Alabama.

April 28, 1955.

Bernard F. Sykes, Asst. Atty. Gen., Robt. Straub, Asst. Atty. Gen., and Owen Bridges, Montgomery, of counsel, for the petition.

Gibson & Gibson and Lange, Simpson, Robinson & Somerville, Birmingham, opposed.

SIMPSON, Justice.

Certiorari to the Court of Appeals.

After a full consideration of the propositions presented by the petition, we are of the opinion that the writ should be denied. We desire, however, to make a brief explanation.

We do not regard the decision in Yellow-Stone Kit v. State, 88 Ala. 196, 7 So. 338, 7 L.R.A. 599, as decisive, since that case seems to have been overruled at least by implication by Grimes v. State, 235 Ala. 192, 178 So. 73. For an excellent discussion of these cases see Williams, Flexible Participation Lotteries, passim.

Applying the facts of the case as disclosed by the opinion of the Court of Appeals to what we know of human psychology and merchandising techniques employed by furniture stores, we entertain the view that the purpose of the scheme used by Broyles was not to get people to the store but rather to get them to view the television program (on which merchandise was advertised) and to get them to talk about the store—in other words, advertise Broyles Furniture Company. This is a close case but by the weight of authority we do not think the scheme constituted a lottery. Cf. Federal Communications Commission v. American Broadcasting Co., 347 U.S. 284, 74 S.Ct. 593, 98 L.Ed. 699. We do not say that there was no consideration moving to the operator of this scheme. We do not say that the consideration must be a pecuniary one. We do not say that in order to carry on a lottery the operator need only to televise the drawing. What we do say is the consideration in this case was not sufficient to label the operation a lottery. If the purpose and effect of the operation had been to get people to the store to look at merchandise or to be subjected to any type of sales appeal, a different question would be presented and one on which this court is not committed. For cases pro and con touching the question see Garden City Chamber of Commerce v. Wagner, D.C., 100 F. Supp. 769; Cross v. People, 18 Colo. 321, 32 P. 821, 36 Am.St.Rep. 292; State ex rel.

Regez v. Blumer, 236 Wis. 129, 294 N.W. 491; Maughs v. Porter, 157 Va. 415, 161 S.E. 242.

Writ denied.

LIVINGSTON, C. J., and GOODWYN and MAYFIELD, JJ., concur.