Honorable Mary Estill Buchanan Colorado Secretary of State 1575 Sherman Street, 2d Floor Denver, CO 80203
Dear Ms. Buchanan:
I am writing in response to your September 8, 1980 request for an attorney general's opinion on the question of the responsibilities of organizations licensed to conduct games of chance to account for their expenses and receipts on games of chance offered solely to members of that organization.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the following question:
An organization already licensed under the provisions of C.R.S. 1973, 12-9-101-112 (Supp. 1979) wishes to hold a prize drawing for its membership. The payment of membership dues is the only action necessary for one to acquire the right to participate in the drawing.
Under those circumstances, is that prize drawing a game of chance under the definition set forth in C.R.S. 1973, 12-9-102(7) (Supp. 1979)?
 No. It is my conclusion that a prize drawing conducted by a licensed organization for its members only is not a lottery when the right to participate in that drawing does not involve the additional payment of money or another thing of value, but is incidental to membership in the organization.
ANALYSIS
The Colorado Constitution, art. XVIII, § 2, states in pertinent part:
 The general assembly shall have no power to authorize lotteries for any purpose, except that the conducting of such games of chance as hereinafter provided shall be lawful from and after January 1, 1959.
Lawful games of chance are further defined to be the specific games of chance known as bingo and raffles subject to requirements of licensing and other restrictions set forth in the constitution and statutes. Those requirements are set forth in C.R.S. 1973, 12-9-101 (Supp. 1979), and include the requirement that the organization file reports of receipts and expenditures generated by the authorized games.
Colorado has defined a lottery in the case of Cross v.People, 18 Colo. 321, 32 P. 821 (1893):
 A lottery is a scheme by which, on one's paying money or some other thing of value, he obtains the contingent right to have something of greater value, if an appeal to chance, by lot or otherwise, under the direction of the manager of the scheme, should decide in his favor.
See also Bills v. People, 113 Colo. 326,157 P.2d 139 (1952); In Re Interrogatories of theGovernor Regarding the Sweepstakes Races Act, 585 P.2d 595
(Colo. 1978).
The payment of "money or some other thing of value" or consideration, is further discussed in C.R.S. 1973, 12-9-102(7) (Supp. 1979). That statutory language makes clear that a prize drawing comes under the definition of lottery and is subject to regulation only when such game is conducted "by the selling of shares or tickets or rights to participate in such game."
Where, as in the factual situation you have outlined, the right to participate in the game is conferred upon the basis of membership alone, and does not involve the payment of any consideration, that drawing is not a lottery, and therefore is not subject to the requirements of C.R.S. 1973, 12-9-101 (Supp. 1979).
This opinion is limited to those organizations licensed under the Bingo and Raffles Law which conduct prize drawings for their members, where the right to participate is an incidental benefit of membership, and no additional consideration is paid for the right to participate in the game. This opinion does not apply to any organization which sells rights to participate in the game to its members, or requires that any additional consideration be paid to be eligible to participate in the game. Further, this analysis does not apply to any organization which specifically earmarks any portion of its membership dues for the conduct of games of chance.
SUMMARY
Organizations already licensed under the provisions of C.R.S. 1973, 12-9-101 (Supp. 1979) which conduct prize drawings for their members are not subject to the reporting requirements of that statute for those drawings, when the right to participate in the drawings is an incidental benefit of membership, and does not involve the payment of any additional consideration.
Very truly yours,
 J.D. MacFARLANE Attorney General
CONTESTS GAMBLING
C.R.S. 1973, 12-9-101
C.R.S. 1973, 12-9-112
Colo. Const. art. XVIII, § 2
SECRETARY OF STATE DEPT. Bingo Raffles, Div. of
Organizations duly licensed to conduct bingo and raffles need not report expenses of drawings limited to members of that organization.