To the Honorable Speaker and Members of The House of Representatives
State Capitol
Montgomery, Alabama
Dear Sirs and Mesdames:
The Honorable John W. Pemberton, Clerk, Alabama House of Representatives, has sent the following House Resolution 300 to the Justices of the Alabama Supreme Court:
1. Does Section 1 of H.B. 1035 which states:
*547 “Any contest for prizes or money as rewards, which is for promotional or advertising purposes, sponsored or conducted by any grocery store, food retailer or soft drink bottler in this state, and which does not require or mandate the participant to give a consideration therefor, in cost or purchase, shall be legal. No such contest shall be construed to be a lottery,” fall within the constitutional prohibitions of Article IV, Section 65 of the Constitution of 1901?
Your inquiry, therefore, is whether such a contest would constitute a lottery or gift enterprise under § 65. That section states in part that “[t]he legislature shall have no power to authorize lotteries or gift enterprises for any purposes.. .. ”
The earliest definition of a lottery, affirmed by this Court, was “a game by which a person paying money becomes entitled to money, or to other thing of value, on certain contingencies determinable ... by chance, or without the action of man’s choice or will.” Chavannah v. State, 49 Ala. 396, 397 (1873). Thus, there are three elements to a lottery: “(1) A prize, (2) awarded by chance, (3) for a consideration.” Grimes v. State, 235 Ala. 192, 193, 178 So. 73 (1938); Opinion of the Justices, 287 Ala. 334, 251 So.2d 751 (1971). A gift enterprise in the nature of a lottery is a lottery in aid of legitimate business offering ostensible gifts which are, in fact, prizes awarded by chance for a consideration or price. Grimes v. State, supra, 235 Ala. at 193, 178 So. 73.
[W]hile the courts have shown a general disposition to bring within the term “lottery” every species of gaming, involving a disposition of prizes by lot or chance, and which comes within the mischief to be remedied — regarding always the substance and not the semblance of things, so as to prevent evasions of the law — we find no decision in which the element of a valuable consideration parted with, directly or indirectly, by the purchaser of a chance, does not enter into the transaction.
Yellow-Stone Kit v. The State, 88 Ala. 196, 200, 7 So. 338 (1890).
There is no question that a contest contemplated by House Bill 1035 potentially involves the first two elements of a lottery. Such a contest would offer prizes or money as rewards and, as it is not mandated to require skill or effort on the part of the participant, could possibly award the prize by chance. But to constitute a lottery, the element of consideration must also be present.
As the Bill specifically states that the contest shall “not require ... the participant to give a consideration ... in cost or purchase,” no direct benefit or consideration is possible. Nor do the potential indirect benefits of such a contest to the business enterprise constitute consideration. Such factors as “the [participation] of a large number of prospective customers; the service performed by the [participants] in advertising the program among relatives and friends; the time, trouble and expense to the [participant] in going to the store” do not afford “the element of consideration necessary to constitute ... a lottery.” Clark v. State, 38 Ala.App. 78, 81, 80 So.2d 308, 310 (1954), cert. denied, 262 Ala. 462, 80 So.2d 312 (1954). Nor does the fact that the business enterprise may be “expected to gain some benefit by way of increased sales” constitute such consideration. Clark v. State, supra, 38 Ala.App. at 82, 80 So.2d 308.
The contests proposed in House Bill 1035 do not constitute lotteries and, thus, their authorization does not offend § 65 of the Constitution.
Your inquiry is answered in the negative.
Respectfully submitted,
C. C. TORBERT, Jr., Chief Justice
HUGH MADDOX
JAMES H. FAULKNER
RENEAU P. ALMON
JANIE L. SHORES
T. ERIC EMBRY
SAM A. BEATTY
OSCAR W. ADAMS, Jr., Associate Justices.