Hon. Alexander F. Treadwell Formal Opinion Secretary of State No. 96-F1 162 Washington Avenue Albany, N Y 12231-0001
Dear Secretary of State Treadwell:
Your counsel has inquired whether a proposed real estate sales program called the "Good as Gold" promotion would violate the anti-gambling provisions of New York State law. You indicate that the "Good as Gold" promotion would provide sellers of real estate with the opportunity to offer a special incentive to buyers, real estate brokers and their sales associates. The promotion under review would be offered to those sellers who choose to list their properties with Longley-Jones Associates, Inc., a real estate marketing firm. In addition to the usual commission that would be due Longley-Jones, participating sellers would each pay $300 into a special fund created and administered by Longley-Jones. After fifty participating homes have been sold, Longley-Jones would host a "Gold Party" at which there would be a drawing from the names of the real estate brokers and sales associates who sold the properties. The winning real estate broker or sales associate would receive $10,000 and the buyer who purchased the property through the winning agent would receive a trip to some predesignated location.
Article I, § 9 of the New York State Constitution provides, in pertinent part: "no lottery or the sale of lottery tickets, pool-selling, book-making, or any other kind of gambling [except as otherwise provided herein], shall hereafter be authorized or allowed within this state." The exceptions include State-operated lotteries, parimutuel wagering on horse races, and certain specified games of chance conducted by religious, charitable or non-profit organizations in which the prize does not exceed $250. Generally, "[t]hree elements cause an event to constitute an unlawful game of chance, or lottery, . . . consideration, chance, and a prize." Harris v. Economic Opportunity Commission of Nassau County,171 A.D.2d 223 (2d Dept 1991) (citing People v. Miller, 271 N.Y. 44
[1936]).
The constitutional provision directs that the Legislature pass "appropriate laws" to enforce the lottery prohibition. Although the term "lottery" is not defined in the Constitution, the term is defined in Penal Law § 225.00 as follows:
 "Lottery" means an unlawful gambling scheme in which (a) the players pay or agree to pay something of value for chances, represented and differentiated by numbers or by combinations of numbers or by some other media, one or more of which chances are to be designated the winning ones; and (b) the winning chances are to be determined by a drawing or by some other method based upon the element of chance; and (c) the holders of the winning chances are to receive something of value provided, however, that in no event shall the provisions of this subdivision be construed to include a raffle as such term is defined in subdivision three-b of section one hundred eighty-six of the general municipal law.
The promotional scheme contemplated here does not fall within the exceptions set forth in Article I, § 9 of the Constitution. Thus, we must determine whether the elements of a prohibited lottery are present under the fact pattern you have presented.
It is clear that each of the elements of a lottery are present where the buyer of the "Good as Gold" home earns the chance to win a trip by buying one of the promotion homes. The element of consideration is present because the buyer became eligible to win the vacation prize by purchasing one of the promotion homes. The purchase of goods or entertainment is perhaps the most common means by which the player pays consideration for the chance to win a prize in an unlawful lottery. See, e.g., People v.Miller, 271 N.Y. 44 (1936) (purchase of movie ticket); The Carl Companyv. Lennon, 86 Misc. 255 (Sup Ct, Niagara Special Term 1914) (small banks); Hull v. Ruggles, 56 N.Y. 424 (1874) (purchase of package of candy). (The receipt of something of value in addition to the chance to win the prize does not remove the consideration element of the lottery.See, discussion, infra, footnote 1.) Furthermore, the buyer who wins the trip is selected by chance as a result of a drawing from among the brokers who sold the "Good as Gold" promotion homes. The vacation constitutes a prize, satisfying the third element of an unlawful lottery. Therefore, the scheme constitutes a lottery prohibited by the Penal Law and the New York State Constitution.
You have asked if the promotion would be prohibited if the buyer's prize was deleted from the program and only the chosen broker or sales associate would win a prize. Obviously, under those circumstances, the elements of chance and a prize remain. However, it is less clear that the element of consideration is present because the broker has not purchased anything in order to become eligible to win the cash prize. Instead, the broker or sales agent performs compensated services.
Under the lottery statute, consideration is present if the "players pay or agree to pay something of value." Here, the broker has not paid any money in exchange for the chance to win a prize. However, the broker has provided services which qualify him or her to win a prize. Although we have found no cases which address whether services may constitute consideration for an unlawful lottery, for the following reasons we conclude that the furnishing of brokerage services constitutes payment of something of value and, therefore, fulfills the consideration element of a prohibited lottery.
First, under principles of contract law, valuable consideration is defined broadly as "some right, interest, profit or benefit accruing to one party, or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other." Holt v Feigenbaum, 52 N.Y.2d 291,299 (1981) (citations omitted). Clearly, brokerage services fall within that definition. Brokerage services are sold and have ascertainable value in the marketplace.
The phrase "something of value" as used in subdivision (a) of Penal Law § 225.00, the consideration requirement, is used in subdivision (c) of the statute to describe the prize awarded to the winning player. In the latter context, it is clear that "something of value" is not limited to money but can be any other kind of prize. People v. Psallis, 12 N.Y.S.2d 796, 798 (NYC Magistrate's Court, 1939); see, Hull v.Ruggles, 56 N.Y. 424 (1874) (silverware); Harris v. Economic OpportunityCommission, supra(new automobile).
Significantly, the "Good as Gold" promotion is intended to provide an incentive to brokers and sales associates to work, with special diligence, to find eligible buyers. Thus, under the concept of the promotion, these brokerage services are provided, at least in part, as a means of entering the "Good as Gold" lottery. While the broker earns a commission by providing services which result in the sale of the "Good as Gold" promotion home, in addition, he or she receives a chance to win prize money. Thus, at least to some extent, the brokerage services supplied constitute consideration for eligibility for the "Good as Gold" lottery.[1]
We conclude that the "Good as Gold" promotional scheme is an unlawful lottery prohibited by Penal Law § 225.00 and Article I, § 9 of the New York State Constitution.
Very truly yours,
DENNIS C. VACCO, Attorney General
[1] In any event, there is authority for the proposition that consideration is present when the player purchases goods or entertainment at the regular price and receives, in addition to the thing purchased, the chance to win a prize. See, People v Miller, 271 N.Y. 44 (1936);People ex rel. Ellison v. Lavin, 179 N.Y. 164 (1904). For example, inPeople v. Miller, supra, the Court found the element of consideration present in a case where the player paid the regular price to see a movie and, with that purchase, received the chance to win a prize. Similarly, consideration was found to be present in a case where the player purchased cigars at their regular prices and also received the chance to win a prize. People ex rel. Ellison v. Lavin, supra. Thus, receipt of something of value, in this case a commission for brokerage or sales services, does not remove the consideration element of the lottery.