Kelly E. BERNAS, Plaintiff–Appellant,

v.

**CABLEVISION SYSTEMS CORPORATION, et al.,** Defendant–Appellee.

No. 06–0250–CV.

United States Court of Appeals, Second Circuit.

Jan. 30, 2007.

Kelly E. Bernas, pro se, Holtsville, NY, for Appellant.

William M. Savino, Stephen J. Smirti, Jr., Robert J. Aurigema, Rivkin Radler LLP, Uniondale, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. GUIDO CALABRESI, Circuit Judge, Hon. JOSEPH F. BIANCO,* District Judge.

### SUMMARY ORDER

Plaintiff-appellant Kelly E. Bernas ("Bernas") appeals from the December 19, 2005 judgment of the United States District Court for the Eastern District of New York (Spatt, *J.*) granting the defendant-appellee Cablevision Service Corporation's ("CSC") motion to dismiss the amended complaint.

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. We review *de novo* the grant of a motion to dismiss, accepting the complaint's allegations as true. *See Tindall v. Poultney High School Dist.*, 414 F.3d 281, 283 (2d Cir.2005). Where a "complaint was filed *pro se*, we construe it broadly and interpret it to raise the strongest arguments it suggests." *Sharpe v. Conole*, 386 F.3d 482, 484 (2d Cir.2004). "Rule 12(b)(6) dismissal is only appropriate if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Zerilli–Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 79 (2d Cir.2003) (internal quotations and citations omitted).

In brief, Bernas—who produces a public access cable television program entitled "Irish Express T.V."—challenges CSC's procedure for assigning time slots. Under New York law, public access time slots must be assigned on a first-come-first-served basis. *See* N.Y. Comp.Codes R. & Regs. tit. 16, § 895.4(c)(4). Under the current procedure, challenged in the amended complaint, CSC accepts applications only by mail and grants them in order of postmark date, randomly selecting the order in which it processes applications postmarked on the same day.[1] The amended complaint, liberally construed, raises issues under Article III of the Americans with Disabilities Act, postal statutes, RICO, FCC regulations, and New York state gaming laws, as well as constitutional issues under 42 U.S.C. § 1983.

*RICO and New York law*

■ Bernas' claim under RICO is that CSC's system of randomly ordering appli-

---

* The Honorable Joseph F. Bianco of the United States District Court for the Eastern District of New York, sitting by designation.

1. The New York State Public Service Commission ("NYSPSC") has decided that CSC's process meets the state law requirement that air time be distributed on a "first-come-first-served" and non-discriminatory basis. *See Petitions of the Town of Brookhaven and Annie McKenna Faraldo Re: the Procedures of Cablevision Systems Corp.*, Case 05–V–0310 (N.Y. Pub. Serv. Comm'n July 22, 2005), *available at* http://www3.dps. state.ny.us/ pscweb/ WebFileRoom.nsf/0/ EBB979F 998DE871C 85257044004BE143/ $File/ 05v0310.07.22. 05.pdf?OpenElement. Bernas herself submitted public comment to the NYSPSC. *See id.* at 4.

cations within each postmark date is an illegal "lottery" or "game of chance" under New York state law, and that for this reason, CSC is effectively running a criminal gambling enterprise. Under New York law, a lottery involves (1) consideration, (2) chance, and (3) a prize. *See Valentin v. El Diario La Prensa,* 103 Misc.2d 875, 427 N.Y.S.2d 185, 186 (N.Y.Civ.Ct.1980) (citing *People v. Miller,* 271 N.Y. 44, 2 N.E.2d 38 (1936)); *see also* N.Y. Penal Law § 225.00(10). But there is no consideration here: applicants pay nothing to CSC for the opportunity to receive a time slot, and CSC is prohibited from charging a fee, *see* N.Y. Comp.Codes R. & Regs. tit. 16, § 895.4(c)(6).

Bernas also claims that the procedure for assigning time slots violates the Games of Chance Licensing Law. *See* N.Y. Gen. Mun. Law §§ 185–195. However, a "mechanical drawing to determine the order of processing in and of itself is a mere processing incident and does not constitute illegality." *Daub v. N.Y. State Liquor Auth.,* 45 Misc.2d 833, 257 N.Y.S.2d 655, 662 (N.Y.Sup.Ct.1965). The procedure utilized here is not a "specific game" within the meaning of the statutory definition of a "game of chance" in N.Y. Gen. Mun. Law § 186(3).

### FCC Regulations and Postal Service statutes

■ Bernas alleges that CSC's procedure violates FCC regulations prohibiting the unauthorized broadcast of advertisements or information about lotteries, *see* 47 C.F.R. § 76.213, and the postal statute governing what type of material is "nonmailable," *see* 39 U.S.C. § 3001. Bernas has cited no authority indicating she has standing to bring suit under these provisions, and we are aware of none. Judicial enforcement of the mail statutes is effected by a request from the Postal Service to the United States Attorney General to initiate civil proceedings. *See* 39 U.S.C. § 3011. Unless some statute authorizes a general private right of action to enforce FCC regulations, there is none. *See Conboy v. AT & T Corp.,* 241 F.3d 242, 251–52 (2d Cir.2001).

### 47 U.S.C. § 531(e)

■ We have recognized an implied private right of action under 47 U.S.C. § 531(e) to challenge a cable operator's inappropriate exercise of "editorial control." *See McClellan v. Cablevision of Conn., Inc.,* 149 F.3d 161, 165 (2d Cir. 1998). *But see Morrone v. CSC Holdings Corp.,* 363 F.Supp.2d 552, 556 (E.D.N.Y. 2005) (questioning the continued validity of *McClellan* in light of *Alexander v. Sandoval,* 532 U.S. 275, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001)); *Leach v. Mediacom,* 373 F.3d 895, 896 (8th Cir.2004) (holding that *Sandoval* dictates there is no implied private right of action under Section 531(e)). The complaint merely speculates that editorial influence of some undefined sort might be exerted in the random process of assigning slots. This is insufficient to support a claim.

### ADA Title III

Title III of the Americans with Disabilities Act ("ADA") forbids discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182. Title III provides private parties with the right to injunctive relief to stop or prevent disability discrimination in a place of public accommodation, but it provides no right to monetary damages for past discrimination. *See Powell v. Nat'l Bd. of Med. Exam'rs,*

364 F.3d 79, 86 (2d Cir.2004). The district court stated that CSC does not clearly fit within any of the categories of public accommodation in 42 U.S.C. § 12181(7), but we need not reach that subject.

■ Bernas' ADA Title III claims ultimately rest on CSC's alleged requirement that producers have a New York driver's license, which Bernas says she cannot obtain because of a disability. (The complaint adduces no facts suggesting that the current "lottery" system impacts those with disabilities in a disparate fashion.) But Bernas was apparently awarded time-slots under the "lottery" system, so it is unclear how she has been harmed by the drivers license requirement. Her papers allege that as a result of the "lottery" she lost her preferred Thursday evening slot, she was offered undesirable time slots in the late night and afternoon on other days, and she is currently "off the air." But she has not alleged she was denied access to all time slots—or even all desirable time slots—because of the driver's license requirement. She alleged only that CSC "harassed" her (in some unspecified way) for not having a license.[2] Because she presented no evidence—nor even alleged—to the district court that she was unable to obtain a time slot because of the driver's license requirement, because the injunctive relief she seeks addresses the "lottery" and not the driver's license requirement, and because she cannot seek damages for past "harassment" under Title III of the ADA, any claim on this premise was properly dismissed.

*Constitutional claims*

■ To the extent Bernas' complaint asserts claims under the First Amendment or other constitutional provisions via 42 U.S.C. § 1983, those claims were dismissible because CSC is not a state actor. The constitution itself does not give rise to a right of action against private actors: 42 U.S.C. § 1983 applies to a private party's actions only if the actions are fairly attributable to the state. *See Leeds v. Meltz*, 85 F.3d 51, 54 (2d Cir.1996). "[A] finding of state action may not be premised on [a cable operator's] creation, funding, licensing, or regulation by the government" in the absence of " 'a sufficiently close nexus between the State and the challenged action of the [cable operator] so that the action of the latter may be fairly treated as that of the State itself.' " *Loce v. Time Warner Entm't Advance/Newhouse P'ship*, 191 F.3d 256, 266 (2d Cir.1999) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974)).

There is no such nexus here. While state law requires that time slots be distributed on a non-discriminatory first-come-first-served basis, the state does not specify procedures that must be used; and Bernas does not allege the state had any involvement in crafting the particular process Bernas challenges. Because the complaint reflects that CSC acted in a purely private capacity, Bernas' constitutional claims fail.

We have considered all of Bernas' remaining arguments and find them to be without merit. For the reasons set forth

---

**2.** At oral argument, Bernas appeared to assert that CSC had denied her access to any time slot whatsoever since the driver's license requirement went into effect; we cannot find any such allegation in the amended complaint or in her papers on appeal. Bernas, because she is a *pro se* litigant, was given an opportunity to amend her complaint to add any allegations that would have supported her ADA claim; we decline to disturb the district court's judgment based on equivocal factual allegations made for the first time at oral argument.

above, the judgment of the district court is hereby **AFFIRMED.**