JAMES PRENDERGAST v. THE STATE.

No. 2086. Decided December 18, 1899.

1. **Indictment—Distinct Offenses—Duplicity—Repugnance.**

Duplicity, or repugnant matter, will not be tolerated in the same count of an indictment. But where there are several ways set forth in the same statute by which an offense may be committed, and all are embraced in the same general definition and made punishable in the same manner, while they are distinct offenses, they may be charged conjunctively in the same count.

2. **Lottery—Indictment.**

On a trial for establishing a lottery where the indictment for that offense is good and the proof sustains the charge, the court will not discuss the question as to whether the count charging the disposition of the lottery ticket should give the name of the party to whom said ticket was sold.

**3. Lottery—What Is.**

A lottery is a game of hazard or chance, in which small sums are ventured for the chance of obtaining a larger sum of money.

**4. Same—Slot Machine—Assumption in Charge of Court.**

On a trial for establishing a lottery, where the evidence was that the lottery was operated by a slot machine, and there was no controversy as to the essential portions of the testimony which made the device a lottery and conclusively showed that it was a lottery; Held, that it was not error for the court in its charge, to assume and instruct the jury that a slot machine was a lottery.

**5. Same—Accomplice Testimony—Charge.**

On a trial for establishing a lottery, a witness who merely worked in the saloon, and put nickels in the slot machine, but who did not participate in the establishment of the lottery is not an accomplice; and there was no error in the court's failure to charge the law of accomplice evidence with reference to his testimony.

**6. Same—Raffle—Charge.**

On a trial for establishing a lottery where the evidence showed a distinct difference between the offense proved and the offense of a raffle, the court did not err in refusing to submit the question of raffle to the jury.

APPEAL from the Criminal District Court of Galveston. Tried below before Hon. E. D. CAVIN.

Appeal from a conviction for establishing a lottery; penalty, a fine of $100.

The charging part of the indictment was as follows, viz: "That James Prendergast, late of the county aforesaid, on the 15th day of the month of December, in the year of our Lord one thousand eight hundred and ninety-eight, in the said county of Galveston, in the State of Texas, with force and arms, then and there did unlawfully establish a lottery under the name and denomination of slot machine, and did then and there by said lottery and machine dispose of certain personal property, to wit, certain nickels, current money of the United States, of value, a better description of said lottery and machine being to the grand jurors unknown. And the grand jurors aforesaid, upon their oaths aforesaid, in said court, further present: That James Prendergast, late of the county aforesaid, on the 15th day of the month of December, A. D. 1898, in the said county of Galveston, in the State of Texas, with force and arms, then and there did unlawfully establish a lottery, the name of which is to the grand jurors unknown, and did then and there by said lottery dispose of certain personal property, to wit, certain nickels, current money of the United States, of value; and other personal property of value, a better description of said property being to the grand jurors unknown. Against the peace and dignity of the State."

Defendant filed exceptions to the indictment as follows: "1. It does not appear to be signed officially by the foreman of the grand jury. 2. It does not set forth any offense. 3. The defendant further excepts to said indictment, because it is bad for duplicity in both counts, and asks that in the event the indictment is sustained that the State be required to elect which of the offenses charged it will prosecute." These exceptions were overruled.

After the evidence was introduced, the court among other matters charged the jury as follows, to wit:

"If you believe from the evidence beyond a reasonable doubt * * * that the defendant established the lottery, to wit, the slot machine alleged in the indictment and described in the evidence, or thereby disposed of the nickels alleged in the indictment; or if you believe from the evidence beyond a reasonable doubt that then and there some other person established said lottery or disposed of said nickels thereby, and that the defendant encouraged or aided such other person so to do, then find the defendant guilty," etc.

The instructions requested by defendant and refused by the court were as follows:

1. If the jury do not believe beyond a reasonable doubt that the defendant established a lottery, or disposed of any estate, real or personal, by lottery, then you must return a verdict of not guilty.

2. If the jury believe that the defendant established a raffle, or disposed by raffle of personal estate not exceeding $500 in value, then you must render a verdict of not guilty.

3. The jury are instructed that it is no offense against the laws of Texas to .establish a raffle or dispose by raffle of property, provided that it does not exceed $500 in value, and you will determine from the evidence whether the defendant disposed of property by lottery or by raffle. A raffle is a game of chance in which the participants are equal to each other in the proportion of their risk and possibility of gain. The prize is a common fund, or that which is purchased by a common fund. Each participant is an equal factor in developing the chances in proportion to his risk. It is not material by what machine or instrument such chances are developed. The successful party in a raffle receives the prize of that raffle, and the others lose.

The opinion states the case.

*James B. & Chas. J. Stubbs,* for appellant.—The court should not have overruled the exceptions to and the motion to dismiss the indictment, because, (a) as shown therein, no offense against the laws of Texas was stated; (b) the indictment was duplicitous; (c) it did not state the name of the person to whom defendant had conveyed or disposed of property.

It was essential to aver and prove the name of the person to whom defendant disposed of the property by means of the alleged lottery, or to show that the name of such person was unknown to the grand jury. We have been unable to find any report of a lottery case in which this point was involved, but we have analogous statutes which have been so construed by this court, and the reason of these decisions is strictly applicable to this case, and we ask the same ruling, as the phraseology of those statutes and that on which this indictment is based are practically identical. The statutes regarding the fraudulent disposition of mortgaged property (Penal Code, article

950) declares it to be an offense to sell or otherwise dispose of mortgaged property with intent to defraud the person having the lien. This is very similar to the provision regarding lotteries, which prohibits establishing a lottery or disposing of any estate by lottery. In neither is anything said regarding the receiver, and it has been repeatedly held that an indictment for the fraudulent sale or disposition of mortgaged property must allege the name of the person to whom the property was sold or disposed of, or that such name is unknown to the grand jury, and the omission of such an averment is a substantial and fatal defect in the indictment. Alexander v. State, 27 Texas Crim. App., 94; Presley v. State, 24 Texas Crim. App., 494; Smith v. State, 26 Texas Crim. App., 577; Armstrong v. State, 27 Texas Crim. App., 462.

Reasonable certainty in criminal pleadings is required so that the defendant may be able to plead the judgment in bar of another prosecution, and so that he may know and be prepared with proof, if he can, to meet a specific charge. Code Crim. Proc., article 448.

In Lewellen v. State, 18 Texas, 540, the indictment was for betting on an election. The court decided that if it was intended to charge the defendants with having made a wager with some other person, it should have been stated with whom; or if with some one to the jurors unknown, it should have been so charged.

It is true that we find in our code of procedure forms of indictments relative to lotteries and to fraudulent disposition of mortgaged property (article 458, forms Nos. 15 and 23), neither of which requires or provides for the name of the person to whom the disposition is made.

Our statute does not furnish any definition of either a lottery or a raffle. The latter is not prohibited unless the property raffled for or disposed of by raffle exceeds $500 in value. Penal Code, art. 375.

In State v. Randle, 41 Texas, 297, the Supreme Court preferred the definition of Bouvier, which is that "a lottery is a scheme' for the distribution of prizes by chance."

And the court also approved the expression from an Illinois case that "the term lottery has no technical meaning in the law distinct from its popular signification." So much the stronger reason for submitting the question to the jury. In Barry v. State, 39 Texas Criminal Reports, 240, a correct form of charge was given and approved by the court, or at least in no manner disapproved. It required the jury to believe that the defendant carried on and established a lottery before finding him guilty, and the court did not assume that the "Cheap John board," as it was called, was a lottery. In our case the judge did so assume and refused our charges presenting the true questions to the jury, to all of which rulings we saved exceptions.

Shepherd's evidence showed that he himself had played at the slot machine; that he had taken care of it, had it repaired, and thus he

became an active participant and accomplice, and his testimony required corroboration.

The Code of Criminal Procedure, article 781, provides: "A conviction can not be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense."

As used in the preceding article, the word accomplice includes all persons who are connected with the offense by any illegal act or omission on their part either before, at the time of, or after the commission of a crime. Wills. Crim. Stats., sec. 2450, and cases there cited.

The proper practice is to submit the question as to whether the witness was an accomplice to the jury, taking care to instruct them what will constitute an accomplice. Zollicoffer v. State, 16 Texas Crim. App., 312.

When there is evidence tending to show that a State's witness is an accomplice, and such evidence is materially prejudicial to the defendant, it is incumbent upon the court, whether asked or not, to give the jury proper instructions relating to accomplices' testimony. Winn v. State, 15 Texas Crim. App., 171; Wills. Crim. Stats., sec. 2455.

*Rob't A. John*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of establishing a lottery, and his punishment assessed at a fine of $100, and he prosecutes this appeal.

Appellant moved to quash the indictment on the ground, as alleged by him, that both counts in same were duplicitous, in that it charged that appellant did unlawfully establish a lottery, etc., and did then and there, by said lottery, dispose of certain personal property, etc. The contention being, that the establishing of a lottery and disposing of property by lottery are two distinct offenses, and can not be charged in the same count. While it is true they are distinct offenses, yet they are different phases of the same transaction, and not repugnant to each other. Duplicitous or repugnant matter will not be tolerated in the same count; but where there are several ways set forth in the same statute by which an offense may be committed, and are all embraced in the same general definition, made punishable in the same manner, while they are not distinct offenses, they may be charged conjunctively in the same count. Willis v. State, 34 Texas Crim. Rep., 148; State v. Randle, 41 Texas, 292.

Appellant also contends that the indictment, or at least that part of the count charging the disposition of the ticket, should give the name of the party to whom the ticket was sold. It is not necessary to discuss this question, inasmuch as the count for establishing the lottery is good, and the proof appears to sustain said charge.

Appellant complains that the court instructed the jury that a slot machine was a lottery, on the ground that this was taking a question of fact from the consideration of the jury. This question resolves itself into the proposition as to what the proof showed. The evidence establishes these facts without controversy: That the alleged lottery was operated by means of a slot machine, which was about five feet high; that on the inside thereof was certain machinery, so constructed as to make it work automatically, when it was in running order; that there were five slots of different colors; that if you put a nickel into the slot of either red or black colors, and, in falling into the machine, it happened to touch a certain spring, it would set the machinery in motion, open a certain valve, and pay out a dime into a little pocket on the side of the machine, which was the winning. If the nickel was placed in the green slot, and in falling touched a certain spring, it would pay out a quarter; and so of the white, a half; and the yellow, a dollar. If the nickel did not happen to touch the right spring to make it pay, it would not pay anything. Of course, the person depositing the nickel in one of the slots would not always win, and whether such person won or lost would depend upon the internal mechanism and appliances inside of the machine, and whether in falling it would touch a certain groove or spring, or something else, that would open the valve below and let the nickels out. If the nickel did not touch the right spring and did not win, nothing would fall out. It was only when the particular spring or groove or mechanism was reached by the nickel that was put in the slot that the machine would release any money. The highest amount that could be won at any one time was a dollar. Every person who played did not win. The nickels that were put into the machine and did not win would remain in the machine in the general fund. Every person who put a nickel in the machine had an equal opportunity of winning a prize. The machine kept its own capital, and was self-sustaining. The witness says there was no keeper, banker, or exhibitor presiding over it, in charge of the machine; it was automatic, and did all its own work. After the nickel was deposited the handle was pushed down and said interior mechanism set in motion, and allowed the nickel to wander through the grooves or openings, and, if it happened to strike the right spot, there would be a winning; and if it did not, there would be a loss to that player. This witness would not say to whom the money went that was lost; that Prendergast (appellant) owned the saloon there the machine was kept. It was further shown that he allowed it to be placed in his saloon, and he was there every day and saw it in operation, and allowed it to be used there, and in the manner described.

This statement, according to our understanding of the definition, constitutes a lottery, that is, a game of hazard or chance, in which small sums are ventured for the chance of obtaining a larger sum of money. Randle v. State, 41 Texas, 292; 42 Texas, 580; 13 Am. and Eng. Enc. of Law, p. 1164. Nor, in our opinion, does the definition

given by Judge Roberts, in Stearnes v. State, 21 Texas, 699, fit the evidence in this case: "A raffle is a game of perfect chance, in which every participant is equal with every other in the proportion of his risk and prospect of gain. The prize is a common, fund, or that which is purchased by a common fund. Each is an equal actor in developing the chances in proportion to his risk. Whether they be developed with dice or some other instrument is not material. The successful party takes the whole prize, and all the rest lose. The element of one against the many, the keeper against the bettors, either directly or indirectly, is not to be found in it. It has no keeper. dealer, or exhibitor." In this machine it does not appear that there was no keeper or exhibitor. On the contrary, the owner of the saloon was the keeper, and all persons were not interested in the common fund. The machine retained the major part of the common fund, else it could not be self-sustaining. Nor was this a game of perfect chance. The machine was automatically constructed in favor of the keeper, and a man might play, that is, put his nickel into the slot, and not win anything; consequently there would be no prize distributed to him when he played it. Evidently there was some effort here in the proof to show a similarity between this and a raffle, but in our view the evidence showed a distinct difference. Moreover, the fact that this machine would be indictable as a gaming device is no reason why the keeper was not also indictable for establishing a lottery. If there had been any controversy as to the essential features in the testimony which makes the device a lottery, it would have been error on the part of the court to have instructed the jury on the assumption that it was a lottery; but in our opinion the proof conclusively showed that it was a lottery.

It is contended that Walter Sheppard was an accomplice, because he worked in the saloon, and is shown to have put nickels in the machine. This, in our view, did not constitute him an accomplice in the establishment of the lottery. The said witness was not a participant in the establishment of the lottery; and in order to constitute him an accomplice, he must have participated in the crime itself with the same intent and purpose as appellant. The court consequently did not err in failing to submit the question of accomplice testimony in connection with Shepperd's testimony. Nor did the court err in refusing to submit the question of raffle to the jury. We have already discussed this matter heretofore, and it is only necessary to refer to the previous discussion on this subject. The testimony sufficiently supports the verdict, and the judgment is affirmed.

*Affirmed.*

DAVIDSON, Presiding Judge, absent.

[NOTE.—Appellant's motion for rehearing was overruled without a written opinion at the Austin Branch, June 29, 1900.—Reporter.]