## B. B. BERRY V. THE STATE.

### No. 10858.  Delivered April 27, 1927.

**1.—Establishing a Lottery — Requested Charge — On Defensive Theory— Improperly Refused.**

Where, on a trial for establishing a lottery, two slot machines were found in a room of the hotel of appellant, who claimed they had been left there by a man named Orr, and that no one had played the machines, and that they were not in a condition to be used, a requested charge submitting this defense was erroneously refused.

**2.—Same—Evidence—Held Insufficient.**

Where, on a trial for establishing a lottery, two slot machines were found on appellant's premises, but there was no testimony showing them to be in such condition as that their operation would result in a game of chance, the mere keeping of the idle and worthless machine, in a house, would not amount to a lottery.

Appeal from the County Court at Law of El Paso County. Tried below before the Hon. J. M. Deaver, Judge.

Appeal from a conviction for establishing a lottery, penalty a fine of $150.

The opinion states the case.

*Chas. Owen* of El Paso, and *Herman Lewkowitz* of Phœnix, Arizona, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in the County Court at Law of El Paso County for establishing a lottery, punishment a fine of $150.

Two police officers went to appellant's hotel and found in a room two slot machines.  They testified that a woman told them the machines would play and pay-off.  One of the officers tested one of the machines by dropping a nickel in the slot and pulling the lever.  He got nothing.  About this time appellant appeared on the scene from somewhere about the premises.  The officers arrested him.

Appellant testified in his own behalf that the machines had been put into his place a short time before by one Orr. He said Orr told him they were gum vending machines and that they were out of order; that they would not operate until some spring or other part was fixed. Appellant testified that he told Orr the machines could not operate in his place until he found out whether keeping them was a violation of the law. He further swore that he intended to find out if keeping such machines was against the law. He had recently come to this state from North Carolina. He further said that he had not given his consent to anyone to operate the machines, and that as far as he knew they could not be operated. He said he and his wife had played them but had gotten nothing out of them. The officers had testified that there was money on the inside of the machines, but whether it was money that had been put in there by persons attempting to play the machines, or from some other source, they did not attempt to state. This is the substance of the testimony.

In this condition of the record appellant asked the following special charge:

"Gentlemen of the Jury: You are instructed at the request of the defendant that if you believe from the evidence that the defendant B. B. Berry received said slot machines from one Orr, but at the time of receiving same, he did not intend to use them for gaming purposes but intended to ascertain whether or not the use of said machines was a violation of the law, and while so informing himself permitted said machines to remain upon the premises, but did not permit the same to be used for the purpose of gaming, then he would not be guilty under the law of this state, and if you so find from the evidence, or have a reasonable doubt thereof, you should acquit the defendant."

The refusal of this charge is deemed error. The mere fact of permitting the machines to remain in his house without their operation by anyone, would not constitute the establishment of a lottery. We have some doubt as to the sufficiency of the testimony in this case. Appellant testified the machines were out of order and would not operate, by which we understand him to mean that they would not pay-off or give returns for the dropping of coins into them. If the machines were out of order and would not pay-off or allot, we cannot understand how the keeping of them would make out a case for the establishment of a lottery. It was held in Prendergast v. State, 41 Tex. Crim. Rep. 358, that a slot machine was a lottery, but by this it must

be understood to mean a slot machine which was capable of being operated as a lottery.

The officers did not testify to seeing the machines operate. The mere dropping of a coin into the slot and the pulling of the lever, without some testimony as to further consequences, would not amount to operation. Appellant said the machines, according to his information, were out of order and would not operate. He and his wife tried to play them but nothing came out. The machines had been taken in charge by the officers and carried away from appellant's place. No witness testified that at any time said machines were operated. Unless there was some testimony showing them to be in such condition as that their operation would result in a game of chance, we would be of opinion that the mere keeping of the idle and worthless machines in a house would not amount to a lottery.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*