## KRAMER v. STUBBLEFIELD.
### No. 9087.

Court of Civil Appeals of Texas.
San Antonio.
May 31, 1933.

C. C. Carsner, of Victoria, for appellant.

Linebaugh & Guittard, of Victoria, for appellee.

FLY, Chief Justice.

Appellee, as plaintiff, filed a suit for damages to an automobile in the sum of $179, against Edwin F. Kramer and W. L. Sanderfer, in the justice's court, and recovered judgment for the full amount. Kramer filed an appeal bond to the county court, payable to Sanderfer as well as Stubblefield, where judgment was rendered against Kramer in favor of Stubblefield for the sum of $104, and in favor of Sanderfer as against Kramer on a cross-action for $18.90. Kramer has perfected an appeal to this court.

There is no statement of facts, and the findings of facts of the county judge must necessarily be taken as true. The pertinent findings are as follows:

"The accident which caused the damage to plaintiff's car occurred on Santa Rosa Street in the city of Victoria * * *. Plaintiff's automobile, a 1931 Model Buick Standard Coupe, was at the time of such accident and injury parked on Santa Rosa Street in the City of Victoria, in Victoria County, Texas, between Main Street and Liberty Street, on the north side of Santa Rosa Street, about six inches from the curb * * *.

"The defendant Kramer's automobile was just before the time of the collision parked immediately behind plaintiff's automobile on the north side of Santa Rosa Street near the curb and forty-eight (48) feet and six (6) inches East of plaintiff's car.

"The defendant, W. L. Sanderfer, driving west on Santa Rosa Street in his car was just prior to the accident and prior to the time that the defendant, Kramer, moved his car approaching the cars owned by Kramer and Stubblefield from the rear, some ninety (90) feet distant from the rear of Kramer's car.

"With the cars in these positions as outlined in the preceding paragraph, Kramer got into his car, started the Motor, looked back, saw Sanderfer approaching in his automobile, noticed that he—Sanderfer—was at the intersection of Liberty and Santa Rosa Streets and that there were no cars in front of him, Kramer, on Santa Rosa Street excepting the car belonging to R. I. Stubblefield the plaintiff in this cause, the defendant, Kramer, moved his car at an angle, into the line of traffic on Santa Rosa up to and alongside of plaintiff's, R. I. Stubblefield's, automobile at which time after Kramer had moved his car Fifty (50) feet or more from its parked position it was overtaken and passed by the car driven by the defendant, W. L. Sanderfer, and struck on its left side at or near its left front wheel and fender. As a result of said collision, Kramer's automobile was knocked and headed into the left side of the car belonging to R. I. Stubblefield and did strike and collide with the left side, including the running board, left front fender and wheel of plaintiff's, R. I. Stubblefield's, car.

"Kramer did not blow his horn or give any other signal of his intention to move his car before moving it. There were no other cars on Santa Rosa Street at the point of the accident and between there and Main Street than the three (3) cars participating in the collision, and the street was open both to the left and front or West at the point of the accident. There being plenty of space at this point for all cars to have passed without a collision.

"At the time of the collision, W. L. Sanderfer, did not give any signal of any kind of his intention to pass either the car driven by the defendant, Kramer, or the automobile belonging to R. I. Stubblefield, his testimony being that he did not see Kramer's car until he struck it."

There is no finding of fact that could possibly show any negligence upon the part of Kramer except a failure to give a signal that he intended to move from the curb to the line of travel, which was a violation of article 801, subd. (K), Penal Code; but there is no finding that such infraction of the statute was the proximate cause of Sanderfer's colliding with the violating car. Nor does the testimony tend to show any possible connection between the failure to signal and the collision. Kramer had turned into the street and had moved in to about 50 feet forward when Sanderfer, who had moved his car about 140 feet after the turn was made, ran his car against the car of Kramer, who at the time was in a place where he had the legal right to be. There was nothing to obstruct the view of Sanderfer, and if he did not see Kramer's car, he could and should have seen the car and should have avoided it. The only active agent in causing the accident was Sanderfer and he alone should have been held responsible for the consequences. If he was excused for his negligence by the fact that Kramer had not given the signal and had moved 50 feet along the street, he would have been excused if Kramer had been overtaken by him a half mile from his starting point. The facts are utterly insufficient to connect the failure of Kramer to give the signal with the accident.

This court would render judgment and end this litigation but for the fact that appellant in his brief asks that the cause be remanded.

The judgment is reversed, and the cause remanded.