## I. D. HIGHTOWER V. THE STATE.

No. 15941. Delivered June 21, 1933.
Reported in 61 S. W. (2d) 818.

The opinion states the case.

*Arthur Lee Moore* and *Tom McMurray*, both of Fort Worth, for appellant.

*Jesse E. Martin*, Crim. Dist. Atty., *Cecil C. Rotsch* and *Stanley Bransford*, Asst. Dist. Attys., all of Fort Worth, and *Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for establishing a lottery; punishment, a fine of $100.

The state files a motion for rehearing, considering which our former opinion is withdrawn and the following is substituted as the original opinion of this court.

Appellant was charged by information with establishing a lottery, and it is alleged that same was known as a slot machine, and said machine was described in the information in

detail as being a mechanical device upon which to bet and wager money, being operated by placing a coin in the slot of said machine and pulling a lever, etc., etc., which operation sometimes resulted in one or more coins and tokens falling into a tray and becoming the property of the person playing, but at other times resulting in nothing, "and defendant by means of said lottery did then and there dispose of certain personal property, to-wit: certain coins of money and tokens, a better description of which can not be given, which tokens were of the value of four cents each."

On the trial of the case, the defense was that said machine was placed in a store by appellant, and was a mint-vending machine and not a slot machine or a gaming device; that it paid off only in mints or metal tokens which had no redeemable value in money or merchandise, and no market value. Over objections manifested by a number of bills of exception, the state in its examination of many witnesses referred directly to said machine as a slot machine, and also proof was made that said machine was known as a slot machine. The objections to this procedure and testimony was that, since it was alleged in the information that the "lottery" was known as a "slot machine," such repeated designation of it as a slot machine by the witnesses, and reference thereto by questions, would fix in the minds of the jury that the machine was a lottery. There appears some force in the contention. In Prendergast v. State, 41 Texas Crim. Rep., 358, this court, speaking through Judge Henderson, said that the question of whether a slot machine was a lottery resolved itself into the proposition as to what the proof showed,—and on the facts in that case we held that it was not error for the court below to have told the jury that the slot machine was a lottery. This, however, did not justify this court in Queen v. State, 93 Texas Crim. Rep., 173, speaking through the writer, and upon authority of the Prendergast case, supra, to make the broad statement in the opinion that "a slot machine is a lottery." It is conceivable that a mechanical substitute for human salesmen might be devised and operated by means of a coin placed in a slot, which would mechanically deliver to all players alike the fair value of such coin in some form of merchandise, and yet such machine might be legitimately called a slot machine.

Unless then proof of the fact that such device was called or known as a slot machine, would fairly tend to establish its character as a lottery, it would be unfair for the state, by reiteration of repeated questions, referring to the machine as a slot

machine, or by proof by witnesses that it was or was not called a slot machine, to seek to lead the jury to thus conclude. In other words, the state says in averment this device is a lottery commonly called a slot machine. The state could not ask a witness if this device was a lottery, nor assume in a question that it was a lottery. This would manifestly be wrong. The whole case would be thus begged. Equally, the state could not prove the device a lottery by merely proving it a slot machine, nor lead the jury to accept the fact that such device was a lottery by repeated reference to it as a slot machine either in question or by statement.

While the state might show that defense witness Dawson was biased in giving his testimony in favor of appellant, by reason of the fact that he was in appellant's employ, it would not seem proper to prove by said witness that his employment was that of repairing or working on various slot machines located around over the city of Fort Worth, nor to prove by him that appellant was the largest operator of slot machines in Fort Worth. We are of opinion that the bill of exception complaining of this manifests error.

. The exhibition of gaming tables and devices is and ought to be severely penalized, and the statutes against those games of chance forbidden by law should be upheld and enforced,— and the device described in this case may be such as that its exhibition and operation is in violation of law, but, unless its construction and operation are shown to bring it within the definition of a lottery, by proper proof thereof, we can not allow a conviction to stand.

Believing the procedure erroneous in the matters above referred to, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*