A. D. Emerson, of Waxahachie, and J. D. Pickett, of Palestine, for appellants.

Lynn B. Griffith, of Waxahachie, for appellee.

## ROBB & ROWLEY UNITED, Inc., et al. v. STATE.

### No. 2078.

Court of Civil Appeals of Texas. Waco.

March 30, 1939.

GALLAGHER, Chief Justice.

This suit was instituted in the name of the State of Texas by Lynn B. Griffith, the criminal district attorney of Ellis county, against Robb & Rowley United, Inc., and D. P. Callahan, its local manager, to restrain them from operating an alleged lottery. A hearing was held and the injunction prayed for was granted. Appellants, who were defendants in the court below, were engaged in operating moving picture theatres in Waxahachie, Texas. In connection therewith they operated once a week or oftener a scheme by which a certain sum in cash was awarded to someone who had patronized such theatres by the purchase of a ticket of admission on that particular day. The award was always at the night performance and such night was designated as "Buck" night. The procedure was substantially the same as employed in the now more or less familiar "Bank" night awards. The testimony disclosed that appellants sold tickets of admission to both the afternoon and night shows; that on purchasing a ticket and entering the theatre the patron had an opportunity to register his name with an attendant; that a number was assigned to each name so registered; that tickets having the names of such registrants written thereon were placed in a receptacle called a drum; that three tickets were drawn therefrom and placed on three negro boys selected and provided by appellants; that said boys then engaged in an eating or drinking contest arranged by appellants; that on one occasion each of said boys was

given a bottle of milk which he was required to empty through a nipple; that the name of the person written on the ticket pinned on the one first emptying his bottle was declared to be the winner and was called aloud. If such person was present, he or she arose and claimed the prize. If no one arose to make such claim, the registration list was examined to ascertain if the person whose name appeared on said ticket had purchased a ticket of admission during that particular day. If so, the award could be claimed at a later time. Otherwise, it was carried over to the next week's "Buck" night. Sometimes the negro boys were required to compete by eating bananas or pieces of watermelon. The first to accomplish his task was declared the winner and the prize was awarded to the person whose name appeared on the ticket pinned on his clothing. The testimony showed that persons were influenced to purchase tickets of admission to said theatres, register their names at the door and attend their exhibitions. because of the possibility of receiving such cash award.

Our state constitution requires the legislature to pass laws prohibiting the establishment of lotteries, gift enterprises and other evasions of the lottery principle. Art. 3, § 47, Vernon's Ann.St.Const. Our Court of Criminal Appeals, in the case of Cole v. State, 133 Tex.Cr.R. 548, 112 S. W.2d 725, 730, said that we have in this state no statutory definition of a lottery, and then proceeded to state the essential elements thereof. We quote therefrom as follows: "Having no definition in our statute, we must resort to the meaning given the term by popular usage as determined by the various courts. When that is done, it is clear that three things must concur to establish a thing as a lottery: (a) A prize or prizes; (b) the award or distribution of the prize or prizes by chance; (c) the payment either directly or indirectly by the participants of a consideration for the right or privilege of participating. Texas Jur., vol. 28, p. 409, § 2, deduces from our own cases the rule stated, and it appears that in every case. from our own court where a scheme has been denounced as a lottery that the three elements mentioned are shown by the facts to have been present. See Randle v. State, 42 Tex. 580; Grant v. State, 54 Tex.Cr.R. 403, 112 S.W. 1068, 21 L. R.A.,N.S., 876, 130 Am.St.Rep. 897, 16 Ann.Cas. 844; Prendergast v. State, 41

Tex.Cr.R. 358, 57 S.W. 850; Holoman v. State, 2 Tex.App. 610, 28 Am.Rep. 439, and other Texas cases cited in Texas Jur., supra. The same rule demanding the presence of the three elements named will be found stated in 17 Ruling Case Law, p. 1222, and 38 Corpus Juris, p. 286, with innumerable supporting cases cited under the text in each of said volumes." See also: City of Wink v. Griffith Amusement Co., 129 Tex. 40, 100 S.W.2d 695, par. 19; Central States Theatre Corporation v. Patz, D.C., 11 F.Supp. 566; People v. Miller, 271 N.Y. 44, 2 N.E.2d 38; Brooklyn Daily Eagle v. Voorhies, C.C., 181 F. 579, par. 3; Affiliated Enterprises, Inc., v. Gruber, 1 Cir., 86 F.2d 958, par. 1.

Appellants apparently concede that "Buck" nights as operated by them involved the distribution of cash awards by chance, but they contend that no consideration was received by them for such distribution. Substantially the same contention was made in the case of State v. Robb & Rowley United, Inc., Tex.Civ. App., 118 S.W.2d 917, and the court, in its opinion in that case, held that while no direct charge was made for registration, nevertheless the increased patronage expected by reason of the operation of such scheme, though only an indirect benefit, was a sufficient consideration to warrant its being classified as a lottery. See also: Cole v. State, 133 Tex.Cr.R. 548, 112 S.W. 2d 725, pars. 2 and 3; City of Wink v. Griffith, 100 S.W.2d 695, 699, par. 12, and authorities there cited; State v. McEwan, Mo.Sup., 120 S.W.2d 1098. Our Supreme Court has stated affirmatively that there is absolutely no conflict between its opinion in the City of Wink case and the opinion of the Court of Criminal Appeals in Cole v. State, supra. State v. Robb & Rowley United, Inc., Tex.Sup., 114 S.W.2d 225.

Appellants further contend that even though their "Buck" night awards should be held to constitute a lottery, no lawful right to restrain the operation of the same by injunction exists. Article 4667 of our Revised Statutes, Vernon's Ann.Civ.St. art. 4667, provides, in substance, that the habitual use, actual, threatened or contemplated, of any premises for gaming, shall be enjoined at the suit of the state or any citizen thereof. Article 634 of our Penal Code declares, in substance, that the existence of any gaming paraphernalia or device of whatever kind

or character is against public policy and constitutes a public nuisance. The court, in the case of State v. Robb & Rowley United, Inc., Tex.Civ.App., 118 S.W.2d 917, hereinbefore cited, held expressly that "Buck" nights, as well as other forms of lottery, were species of gaming and included within the nuisances which the state was authorized to suppress by injunction. Numerous authorities were there cited, to which we here refer. See also in this connection, Ex Parte Kameta, 36 Or. 251, 60 P. 394, 78 Am.St.Rep. 775; City of Portland v. Yick, 44 Or. 439, 75 P. 706, 102 Am.St.Rep. 633; 38 C.J. p. 286, sec. 1.

The judgment of the trial court is affirmed.