

# THE ATTORNEY GENERAL

## OF TEXAS

**GERALD C. MANN**
~~ATTORNEY GENERAL~~
ATTORNEY GENERAL

**AUSTIN 11, TEXAS**

Honorable Fred T. Porter
County Attorney
Kaufman County
Kaufman, Texas

Dear Sir:

Opinion No. O-1819

Re: Whether "Quizz Night"
of Kaufman Theatre
constitutes a lottery.

We have for reply your letter of January 20, 1940, requesting the opinion of this department as to whether or not the following scheme constitutes a lottery as is made unlawful by the Penal Code of this state. We quote from your letter:

"A party here in this County is contemplating the operation of a 'Quizz Night', as will be described here; and I have given the opinion that it is a lottery. I would appreciate an opinion from your office as to whether same is a violation of the lottery laws of Texas. It will be operated as follows:

"Persons who attend will be charged $.25 for admission and will be privileged to submit a question to be answered on the program. Each person will be given a ticket on which there will be a stub, with number corresponding on the stub and the ticket. The stub will be dropped into a box, and the ticket retained by the person. The questions submitted by the customers will be signed by the customer and dropped into a box. The one in charge of the program will reach into the box where the questions have been placed and draw therefrom a question; and then draw a stub from the box into which such stubs have been placed, and the person who has the number that corresponds with the stub will then be given an opportunity to answer the question. If he succeeds in

answering the question correctly, then he
will be given a prize donated by one of
the merchants who is interested in the
matter as an advertising scheme. To the
person whose question is used, there will
be paid $1.00."

Section 47 of Article III of the Constitution
of Texas reads:

"The Legislature shall pass laws pro-
hibiting the establishment of lotteries and
gift enterprises in this state, as well as
the sale of tickets in lotteries, gift en-
terprises or other evasions involving the
lottery principal, established or existing,
in other states."

Pursuant to such command the Legislature passed
Article 654 of the Penal Code, which reads as follows:

"If any person shall establish a lot-
tery or dispose of any estate, real or per-
sonal, by lottery, he shall be fined not less
than One Hundred ($100) Dollars nor more than
One Thousand ($1000) Dollars; or if any per-
son shall sell, offer for sale or keep for
sale any tickets or part tickets in any lot-
tery, he shall be fined not less than Ten ($10)
Dollars nor more than Fifty ($50) Dollars."

In City of Wink vs. Griffith Amusement Company,
100 S. W. (2d) 695, (Tex. Sup. Ct.,), the court said:

"The State Penal Code does not define a
lottery, but our courts have interpreted it
in accordance with public usage, to mean a
scheme or plan which provides for a distrib-
tion of prizes by chance among those who have
paid, or agreed to pay, a consideration for
the right to participate therein. 28 Tex.
Jur. p. 409, Sec. 2, and cases cited in the
notes."

This department has on several occasions passed
on the question of what constitutes a lottery, holding in

(1) Opinion 0-428 to Honorable Clint A. Barham, County Attorney, Erath County, dated April 26, 1939, that a number system used by a theatre where each seat in the theatre is numbered and a ticket is selected or drawn from a number of tickets containing all the numbers on the seats and a money award or other thing of value is given to the person sitting in the seat that has a corresponding number with the number drawn is a "lottery" and the operation thereof is a violation of Article 654 of the Penal Code.

(2) Opinion 0-967 to Honorable Tom Seay, County Attorney, Potter County, dated June 14, 1939, that a scheme whereby, in substance, a theatre owner gives a prize to some patron of the theatre present after a drawing from which some patron's automobile license number may be selected, under the facts presented, consti-tutes a violation of the lottery laws of this state.

(3) Opinion 0-1174 to Honorable Robert S. Cherry, County Attorney, Bosque County, dated August 10, 1939, that it is a violation of the law for the merchants of a given town or com-munity to give their customers tickets with each purchase of merchandise from them, which tickets are good for chances upon merchandise or money given away at drawings, held periodi-cally in the said town or community.

(4) Opinion 0-1200 to Honorable Robert F. Peden, Jr., County Attorney, Matagorda County, dated August 12, 1939, that the "Aces Quiz Night" scheme or plan (under the facts stated to this office) is a "lottery" and in violation of Ar-ticle 654 of the Penal Code of this state.

(5) Opinion 0-1329 to Honorable Jack Borden, County Attorney, Parker County, dated September 8, 1939, that a scheme whereby, in substance, a theatre buys the fingerprints of a citizen of the community by selection of one fingerprint from the files of the theatre, is a violation of the lottery laws of this state.

(6)  Opinion O-1336 to Honorable Paul T. Holt, County Attorney, Travis County, dated September 18, 1939, that a scheme whereby, in substance, a "suit club" gives credits in trade to winning contestants for completing a sentence, etc., constitutes a violation of the lottery laws of this state.

(7)  Opinion O-1789 to Honorable Andrew Patton, District Attorney, Dallas County, dated December 22, 1939, that a theatre program featuring the "Doctor I. Q." radio broadcast over a network is not a violation of the lottery statutes of this state.

In the case of Griffith Amusement Company vs. Morgan, 90 S. W. (2d) 844, it was held that the elements essential to constitute a lottery are (1) a prize in money or thing of value, (2) distribution by chance and (3) payment, either directly or indirectly, of a valuable consideration for the chance to win the prize.  See also City of Wink vs. Griffith Amusement Company, supra; Featherstone vs. Independent Service Station Association, 10 S. W. (2d) 124; Peak vs. United States, 61 Fed. (2d) 973; Grant vs. The State, 112 S. W. 1068.  In State vs. Randall, 41 Tex. 296, and Holman vs. The State, 47 S. W. 850, it was held that any scheme for the distribution of prizes by chance is a lottery.  Accordingly, the "Bank Night" scheme (City of Wink vs. Griffith Amusement Company, supra), the "Buck Night" scheme (Robb and Rowley, et al vs The State, 127 S. W. (2d) 221), and the "Noah's Ark" scheme (Smith vs. The State, 127 S. W. (2d) 297) have all been held to be lotteries.

We believe that the essential elements of a lottery are presented by the facts set forth in your letter. The theatre provides a fund or prize of $1.00 for those patrons fortunate enough to have their questions selected, and likewise, a prize is provided by the merchants for those patrons of the theatre correctly answering questions. The prize element is present. Moreover, a drawing is made and the chance element occurs.  Only the patrons whose stubs have been drawn, and only patrons whose questions have been drawn, are eligible to receive prizes. Moreover, patrons must be present in the theatre when their names are drawn or must have purchased tickets in order to participate in the prizes by having their questions selected or by being called upon to answer a question that has been selected; and so, indirectly, furnishes consideration for

the chance.   See City of Wink vs. Griffith Amusement Company, supra.

The theatre scheme set out in your letter is similar to the scheme set forth in Opinion 0-1200, dated August 12, 1939, which was held to constitute a lottery and for the reasons set forth in that opinion and under the authorities set out in this opinion, you are respectfully advised that it is the opinion of this department that a theatre operator conducting the scheme described in your letter would be guilty of operating a lottery as prohibited by Article 654 of the Penal Code of Texas, 1925.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By   /s/ Walter R. Koch
      Walter R. Koch
            Assistant

By   /s/ James D. Smullen
      James D. Smullen

JDS:jm:mjs

APPROVED JAN 27, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS