Joe C. Gladney and J. M. Burns, Jr., both of Henderson, for appellees.

LESLIE, Chief Justice.

From a judgment in the trial court in favor of the plaintiffs (Leuvinia Williams joined pro forma by her husband, R. W. Williams) the defendant Charley Garrett appeals by virtue of an affidavit of inability to pay costs in lieu of a regular appeal bond. Neither litigant has briefed the case in this court. We have examined the record for fundamental error and, finding none, the judgment of the trial court is affirmed on the authority of Haynes v. Radford Groc. Co., 118 Tex. 277, 14 S.W.2d 811. It is so ordered.

RUGGLES v. JOHN DEERE PLOW CO. et al.

No. 5228.

Court of Civil Appeals of Texas. Amarillo.

Dec. 2, 1940.

Rehearing Denied Jan. 13, 1941.

458

Reeder, Reeder & Reeder, of Amarillo, for appellant.

Adkins, Pipkin, Madden & Keffer, of Amarillo, for appellees.

STOKES, Justice.

Appellant, A. B. Ruggles, filed this suit against John Deere Plow Company, Russell H. Boyd, and Saunders Implement Company, seeking to recover damages for personal injuries and injury to his automobile sustained by him in a collision between his automobile and a truck and trailer owned and operated by one Joe Allred in Oldham County on November 13, 1937. At the close of the plaintiff's testimony, the defendants presented to the court a motion for a peremptory instruction in their favor. Appellant did not contest the motion in so far as it applied to the Saunders Implement Company, admitting that the testimony had failed to disclose that Boyd was the agent of, or in any manner connected with that Company; but he did contest the motion in so far as it applied to the John Deere Plow Company and Russell H. Boyd. The motion was sustained by the court and the jury was instructed to return a verdict in favor of the defendants, which was done, and judgment was entered by the court against appellant, from which he has perfected an appeal.

The record reveals that shortly after dark on November 13, 1937, appellee Boyd, who was an employee and agent of the John Deere Plow Company and engaged in his line of duty as such employee at the time, was traveling south on an unpaved highway. About three miles south of Wildorado, in Oldham County, he met Joe Allred, who, incidentally, is not a party to this suit, and, desiring to talk with Allred, Boyd hailed him and caused Allred to stop his truck on the east portion of the highway while Boyd stopped his car on the west portion thereof immediately opposite Allred's truck. Boyd got out of his car and talked with Allred for a short time, and either while he was talking with Allred or before alighting from his car, Boyd observed the lights of a car approaching from the south a mile or more from where he and Allred were engaged in the conversation.

The car approaching from the south proved to be appellant's automobile, being operated by him. He was traveling north, which was the same direction in which Allred's truck was headed. Before appellant reached Boyd and the truck, Boyd got back into his car and started on south at a low rate of speed, and immediately after meeting and passing Boyd, appellant ran into the rear end of Allred's trailer and truck. The impact of the collision practically demolished appellant's car and he also received serious personal injuries.

As we have stated, there is no question concerning Boyd's agency of the John Deere Plow Company, and appellees do not contest the proposition that if appellant made out a case against Boyd and the evidence shows that Boyd was negligent in the matters alleged by appellant, both he and his principal, the John Deere Plow Company, are liable for any injury or damage to appellant that was proximately caused thereby.

Appellant contends that Boyd was guilty of negligence per se in parking his car on the traveled portion of the highway when it was possible for him to have moved it off to the side and clear of the traveled portion; in not leaving a space of at least fifteen feet in the clear on the traveled portion of the highway opposite his car while it was parked, and in causing his car and the truck to be so parked as that a clear view of the truck could not be had for a distance of two hundred feet in each direction, because each of these acts was in violation of the provisions of Art. 827a, Sec. 10, Vernon's Annotated Penal Code. He also charges that Boyd was negligent in failing to start his car from where it was parked until appellant's car was within twenty-five feet of it; that he was negligent in driving his car at a dangerously low rate of speed immediately after leaving the scene of the conversation, and that appellant was in a perilous position preceding the collision, which was discovered by Boyd, and that Boyd could have prevented the collision by the use of means at hand, which he failed to do.

Appellant contends that each of the above acts of alleged negligence was a proximate cause of his injury and that he was entitled to have each of them submitted to the jury.

Having alleged that the acts of Boyd were responsible for the collision; that they constituted negligence and that

they were proximate causes of his injury, the burden rested upon appellant to prove such allegations, that is, that the acts were committed by Boyd as alleged; that they constituted negligence and that they were proximate causes, or at least one of them was the proximate cause, of his injury and damage.

The evidence is practically undisputed in any of its details. The motion for a peremptory instruction was presented to the court at the close of the plaintiff's testimony. The appellees offered no testimony whatever. It becomes necessary, therefore, to examine the testimony of appellant and his witnesses to ascertain whether or not his assignments of error in respect to the action of the court in giving to the jury a peremptory instruction are well taken. It may be assumed, we think, that Boyd was guilty of negligence in parking his automobile on the traveled portion of the highway. The evidence shows that it was not only possible for him to move it off of the traveled portion into the borrow pit, but he could have done so with little difficulty. The borrow pit was only a gradual slope and ample space existed for him to have parked his car entirely clear of the traveled portion of the road. The evidence is somewhat conflicting as to the distance between Boyd's car and Allred's truck when they were both parked, but in considering the testimony in its most favorable light to appellant, we shall assume that the space between the two was less than fifteen feet. This also was an act of negligence on Boyd's part. He was negligent in these respects because his acts in parking his car and in failing to leave a space of at least fifteen feet in the clear for the passage of other cars traveling upon the highway were in violation of the provisions of Art. 827a, Sec. 10, of the Penal Code of this State.

As to the other acts of negligence charged by appellant, viz., Boyd's failure to start his car from where it had been parked until appellant was within twenty-five feet thereof, and in driving it at a dangerously low rate of speed immediately after resuming his journey, in our opinion no actionable negligence is shown. It would seem that Boyd could not have been guilty of negligence in failing to start his car until appellant was within twenty-five feet thereof, and in driving at a low rate of speed, within themselves, would be nothing more than that which Boyd had a perfect right to do unless appellant was in a position of peril at the time and Boyd could be charged with negligence in these respects because of appellant's perilous position. It is a matter of common knowledge that automobiles, as well as other vehicles, travel at a low rate of speed for some distance immediately after they begin to move and certainly the mere starting and the low rate of speed, within themselves could not have constituted negligence. A consideration of the question of appellant's perilous position will, therefore, dispose of these latter allegations.

Appellant contends that Boyd saw his car approaching from the south at least a mile before it reached the place where Boyd was engaged in the conversation with Allred; that Boyd knew appellant would pass the spot where he and Allred were standing; that Boyd's car and Allred's truck were parked in the road in such manner as that appellant could not proceed up the road north without coming in contact with one of them; that the truck was standing immediately opposite Boyd's car and appellant's view of its position was obscured by Boyd's lights so that appellant could not see the truck and that, because of these conditions and Boyd's acquaintance with them, Boyd knew, from the time he first saw appellant's car, that appellant was in a perilous and dangerous position. There is no contention that Boyd's lights were unusual nor that they were glaring or blinded appellant so that he could not see ahead of him. Appellant testified that his own lights were in perfect condition; that he was traveling at a rate of speed of about forty miles an hour and that he could have stopped his car within twenty feet or slightly more. It is not shown nor claimed that Boyd knew appellant did not see the truck. Appellant testified that if the truck or trailer had been equipped with lights or reflectors he could and would have seen them at least one hundred fifty feet before he reached the truck. He did not say the truck and trailer were not equipped with lights and reflectors, but that he did not see them. Assuming they were not so equipped, the testimony does not show that Boyd knew it and we think he was warranted in assuming that appellant would stop a safe distance before colliding with them, as appellant said he could, and would, have done if he had seen them. We think, therefore, that Boyd could not

have known appellant was in a position of peril until it was too late for him to do anything that would have prevented the accident. Moreover, the testimony does not contain a suggestion of any act or thing which Boyd could have done after the earliest time when, under the circumstances, he could have discovered the peril, that would have prevented the collision. In many cases the courts have laid down the rule that the doctrine of discovered peril does not apply, nor can recovery be had upon that theory, unless there is an actual discovery of the peril of the injured person by the party charged with negligence; and it must be shown that he discovered it in time to avoid the injury by the use of means available to him at the time. Wichita Falls Traction Co. v. McAbee, Tex.Civ.App., 21 S.W.2d 97; Texas & P. R. Co. v. Breadow et al., 90 Tex. 26, 36 S.W. 410, 411; Northern Texas Traction Co. v. Singer, Tex.Civ.App., 34 S.W.2d 920; Malone v. City of Plainview, Tex.Civ.App., 127 S.W.2d 201.

Under the law as it is written by the courts in the cases above cited, and many others, Boyd cannot, under the evidence in this case, be charged with negligence upon the theory of discovered peril, and appellant's assignments of error relating to these matters will be overruled.

■■ The other assignments of error pertain to the acts of Boyd which appellant alleges were negligence per se, being in violation of the provisions of Art. 827a, Sec. 10, of the Penal Code. They are, first, that Boyd was negligent in parking his car on the traveled portion of the highway when it was possible to have moved it off to the side of that portion; secondly, that he was negligent in not leaving a space of at least fifteen feet in the clear on the traveled portion of the highway, and, thirdly, that he was negligent in parking his car and causing the truck to be so parked as that a clear view of the truck was not available for a distance of two hundred feet in each direction. As we have suggested, it may be assumed that these acts of Boyd constituted negligence per se. They are specifically forbidden by the provisions of the statute and if these acts of Boyd could be said to be the proximate cause of the collision and resulting injury and damage to appellant, they were questions that should have been submitted to the jury. Negligence, however culpable, is not actionable, however, unless it is shown to be

the proximate cause of the injury. Feille v. San Antonio Traction Co., 48 Tex.Civ. App. 541, 107 S.W. 367; Schoellkopf Saddlery Co. v. Crawley, Tex.Civ.App., 203 S.W. 1172; Kramer v. Stubblefield, Tex. Civ.App., 60 S.W.2d 1063.

■ Under his allegations appellant had the burden of proving that the collision between his car and the truck and trailer was due to the negligence alleged by him, that is, to Boyd's negligence in parking his car on the highway or his negligence in not leaving a space of fifteen feet in the clear so that other traffic on the highway could pass, or the manner in which he caused the truck to be parked, or all of these alleged acts of negligence. Pace v. Moore et al., Tex.Civ.App., 210 S.W. 238. It was not definitely shown by the testimony how far Boyd had proceeded from the place where his car had been parked when appellant passed him, nor was it shown whether Allred had resumed his journey. The evidence does not show whether Allred's truck was still standing or was moving at the time of the collision, nor, if moving, how far it had traveled from the place where it was parked on the highway to the place where the collision occurred. Both appellant and Boyd testified that Boyd's car was in motion and had traveled some distance from the place where it had been parked when the collision occurred. Appellant testified that the collision occurred immediately after he passed Boyd's car, but this does not show whether there was a space of twenty-five feet, one hundred feet or any other distance existing between the truck and Boyd's car when the collision occurred. Allred was not called as a witness. Appellant, testifying in his own behalf, said the traveled portion of the highway was twenty-four feet in width and that he did not know where, with reference to the graded or used portion of the highway, his car hit the truck. He said he did not know whether the truck was out in the middle of the road or proceeding down the traveled portion of it on its proper side of the road, but he said that with the borrow pits no deeper than they were on the west side of the road and the conditions generally which existed there, if he had seen the truck he could have gone around it to the left, even if he had been put to the necessity of going over the small ridge by the borrow pit and that he would have done so if he had seen the truck. He said furthermore that

if he had seen the truck and had gone around it to the left the collision would not have occurred. Testifying further on this phase of the case appellant said that if the truck or trailer had been equipped with lights or reflectors he could and would have seen them at least 150 feet before he reached the truck and trailer, and that he could and would have stopped his car within a space of twenty feet or slightly more. No other witness testified concerning the question of whether the truck and trailer were equipped with lights or reflectors. Thus it will be seen that, according to appellant's own testimony, the collision occurred because of one or the other of two things and Boyd could not have been responsible for either of them: First, if the trailer was equipped with lights or reflectors appellant was guilty of contributory negligence in not seeing them because he says he could have done so at least one hundred fifty feet before he reached the trailer. Secondly, if the truck and trailer were not equipped with lights or reflectors, their absence caused the collision because appellant's failure to observe the truck was due to the fact that there were no lights or reflectors on the rear of it. It is difficult to see how Boyd could be charged with either of these conditions. According to appellant's own testimony, he could and would have turned to the left and passed the truck on that side if he had seen it. It would have been impossible for him to do this if Boyd's car had not traveled a sufficient distance to create a space between his car and the truck of sufficient width for appellant to pass.

▮ In view of what we have said and the testimony concerning the matters discussed, we think it is conclusive that appellant failed to make out a case of negligence upon which he was entitled to recover against appellees. Conceding that Boyd was negligent in parking his car on the highway in the manner in which it was parked and that he was negligent in not leaving an open space of at least fifteen feet for the passage of other traffic, and in causing the truck to be parked under conditions where a clear view of it was not available for a distance of two hundred feet, still the testimony adduced by appellant shows clearly that these acts of negligence were not the proximate cause of appellant's injury. Boyd's car was not parked when the collision occurred and, indeed, it is not shown that the truck was still standing on the highway. The conclusion is inescapable, we think, that the collision occurred either because of the absence of lights or reflectors on the truck or the negligent failure of appellant to do that which he said he could and would have done if the truck had been equipped with lights or reflectors, that is, discover them at least 150 feet before he reached the truck and either have stopped his car, as he said he could have done, or passed around the truck to the left and avoided the collision as he also said he could and would have done, if he had seen the truck.

These considerations lead us inevitably to the conclusion that appellant failed to make out a case against Boyd or to establish by the evidence the essential elements of the acts of negligence pleaded by him, and the court below, therefore, did not err in giving to the jury a peremptory instruction to return a verdict in favor of the appellees.

The judgment will be affirmed.