

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

**Grover Sellers**
xxxxxxxxxxxxxxxxx
ATTORNEY GENERAL

Honorable W. J. Townsend
County Attorney
Angelina County
Lufkin, Texas

Dear Sir:

Opinion No. 0-6887

Re: Does the scheme for the dis-
position of an automobile by
chance where tickets are sold
for $1.00 each, constitute a
lottery? Is a lottery a game
that the State is authorized to
suppress by injunction under
Article 4667, Revised Civil
Statutes?

Your request for an opinion relative to conducting a lottery has
been received and carefully considered by this department. We quote
portions of your letter as follows:

"I begleave to advise that a group of citizens of this county,
in an effort to raise some money for a benevolent purpose, are
seeking to dispose of an automobile by means of a lottery in selling
tickets for a drawing. The lucky number is to receive the automo-
bile. The tickets for the drawing sell for approximately $1.00 each,
which ticket so purchased entitles the holder thereof one chance at
said drawing or lottery. I have advised these promoters of this
scheme that the same is unlawful, but apparently they do not agree
with my construction of the law. Hence, I am submitting the matter
to you asking your opinion governing the facts.

"* * *

"Please give me your opinion on these questions:

"1. Is the scheme for the disposition of an automobile by chance, where tickets are sold for $1.00 a piece, entitling the holder thereof of a chance for the possession of the automobile at a drawing to be held later a lottery?

"2. Are those conducting the lottery, as well as those selling tickets therefor, criminally liable for conducting a lottery?

"3. In addition to the criminal prosecution of those conducting a lottery, can an injunction suit be lawfully brought to enjoin the conducting of said lottery, if any?

"4. Can a suit be brought direct for the confiscation of the automobile as can be done for the confiscation of fixtures used in a gambling hall? In other words, can a confiscation suit be brought for the confiscation of the automobile which is being used for an unlawful purpose, to-wit: the disposition of the same by chance or lottery?"

Section 47 of Article III of the Constitution of Texas reads as follows:

"The Legislature shall pass laws prohibiting the establishment of lotteries and gift enterprises in this State, as well as the sale of tickets in lotteries, gift enterprises or other evasions involving the lottery principle, established or existing, in other states."

Under the above mandate the Legislature passed Article 654, Penal Code of the State of Texas, providing that:

"If any person shall establish a lottery or dispose of any estate, real or personal, by lottery, he shall be fined not less than One Hundred ($100) Dollars nor more than One Thousand ($1,000) Dollars; or if any person shall sell, offer for sale or keep for sale any tickets or part tickets in any lottery, he shall be fined not less than Ten ($10) Dollars nor more than Fifty ($50) Dollars."

The Court of Criminal Appeals held in the case of Cole vs. State, 112 S. W. 2d 725, that such a scheme as you describe in your letter is in violation of the article quoted above. In this case Judge Hawkins had this to say and we quote from his opinion as follows:

"There is not now, nor ever has been, an attempt in this state to define by statute what constitutes a lottery. The term is defined by the statutes of only a few of the states. Corpus Juris, vol. 38, p. 288, note 10, lists only four, but says 'that such definitions seldom vary in substance from those established by the courts.' Having no definition in our statute, we must resort to the meaning given the term by popular usage as determined by the various courts. When that is done, it is clear that three things must concur to establish a thing as a lottery: (a) A prize or prizes; (b) the award or distribution of the prize or prizes by chance; (c) the payment either directly or indirectly by the participants of a consideration for the right or privilege of participating. Texas Jur., vol. 28, p. 409, § 2, deduces from our own cases the rule stated, and it appears that in every case from our own court where a scheme has been denounced as a lottery that the three elements mentioned are shown by the facts to have been present. See Randle v. State, 42 Tex. 580; Grant v. State, 54 Tex. Cr. R. 403, 112 S. W. 1068; 21 L.R.A., N. S., 876, 130 Am. St. Rep. 897, 16 Ann. Cas. 844; Prendergast v. State, 41 Tex. Cr. R. 358, 57 S.W. 850; Holeman v. State, 2 Tex. App. 610, 28 Am. Rep. 439, and other Texas cases cited in Texas Jur., supra. The same rule demanding the presence of the three elements named will be found stated in 17 Ruling Case Law, p. 1222, and 38 Corpus Juris, p. 286, with innumerable supporting cases cited under the text in each of said volumes."

Also see Smith vs. State, 127 S. W. 2d 297; City of Wink vs. Griffith Amusement Co., 1002 S.W. 2d 695; and Robb & Rowley United v. State, 127 S. W. 2d 221.

The scheme or plan, as described in your letter, apparently is in violation of Article 654, Penal Code of Texas, in that all three of the elements necessary to constitute a lottery are present. Each person participating in the scheme is required to purchase a ticket for the drawing. The tickets are priced at one dollar ($1.00) each. The purchase of a ticket is a consideration for a person to participate in the drawing. All persons

holding tickets will not participate in the prize since the prize will be awarded to the holder of the ticket that corresponds to the one that is drawn and this fact establishes the element of chance. The automobile is the prize that is awarded the holder of the lucky ticket.

As to whether or not those conducting the lottery are equally guilty in the commission of the offense as well as those selling the lottery tickets, the following articles of the Penal Code of Texas are quoted:

"Article 65. All persons are principals who are guilty of acting together in the commission of an offense."

"Article 66. When an offense is actually committed by one or more persons, but others are present, and knowing the unlawful intent, aid by acts or encourage by words or gestures, those actually engaged in the commission of the unlawful act, or who, not being actually present, keep watch so as to prevent the interruption of those engaged in committing the offense, such persons so aiding, encouraging or keeping watch are principal offenders."

"Article 67. All persons who shall engage in procuring aid, arms or means of any kind to assist in the commission of an offense, while others are executing the unlawful act, and all persons who endeavor at the time of the commission of the offense to secure the safety or concealment of the offenders are principals."

"Article 69. Any person who advises or agrees to the commission of an offense and who is present when the same is committed is a principal whether he aided or not in the illegal act."

In view of the above statutes, there can be no doubt as to the guilt of the persons conducting the lottery. The persons responsible for the scheme, purchasing the automobile, having the tickets printed, distributing the tickets to other persons for sale and actually conducting the drawing are principal offenders in the commission of the offense as well as persons selling the tickets, and are amenable to prosecution for the violation of Article 654, Penal Code of Texas. From Texas Jurisprudence, Vol. 12, page 334, we quote:

"If parties have a common intent or previously formed design to commit an offense and act together in the commission of the same,

they are and must be principals, and equally so whether the act of the coprincipal brings him under one or the other of the various methods specified in the code whereby one may become a principal. A person who commits an offense while acting as agent for another, and with knowledge of the latter's criminal intent, or who is present when an offense is committed and assists in its commission, is a principal. Also where two or more persons combine or conspire to commit a crime, all who are acting together and doing their parts in the execution of the common design at the time when the offense is committed are principals, whether they are actually present at the time and place of its commission or not; and all continue to be principals as long as any portion of the object of the common design remains incomplete, or, in other words, until the full purpose and object of the conspiracy is consummated and accomplished."

We now pass to your third question which is, "Can an injunction suit be lawfully brought to enjoin the conducting of said lottery, if any?" This identical question was brought before the court in the cases of State vs. Robb & Rowley United, 118 S. W. 2d 917, and Robb & Rowley United, Inc., et al vs. State, 127 S. W. 2d 221. In both of these cases it was held that lotteries are a species of gaming and nuisances which the State is authorized to suppress by injunction under Art. 4667, Revised Civil Statutes.

In dealing with your fourth question, we turn to Article 636, Penal Code of Texas, which we quote:

"It shall be the duty of every sheriff, or other peace officer by virtue of the warrant authorized by this chapter to seize and take into his possession all gaming tables, devices and other equipments or paraphernalia of gambling houses, the existence of which has come to his knowledge and to immediately file with the justice of the peace, county judge, or district judge, a written list of the property seized designating the place where same was seized, and the owner of same, or the person from whom possession was taken. Thereupon said justice of the peace, county or district judge shall note the same upon his docket and issue, or cause the clerk of the court to issue a written notice to the owner or person in whose possession the articles seized were found, commanding him to appear at a designated time, not earlier than five days from the service of such notice, and show cause why such articles should not be destroyed. If personal service cannot be had upon

the person to whom same is directed, a copy of said notice shall be posted for not less than five days, either upon the court house door of the county where the proceedings are begun or upon the building or premises from which the property seized was taken."

We are of the opinion that the automobile, which is the prize to be awarded, is not property subject to confiscation under the provisions of the above article. In support of our contention, you are referred to Hightower v. State, 156 S. W. 2d 327; Davis v. State, 165 S. W. 2d 757; and Collison v. State, 146 S. W. 2d 468.

Trusting the foregoing answers your inquiries, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Louis W. Woosley

Louis W. Woosley
Assistant

APPROVED JUN 1, 1946

FIRST ASSISTANT
ATTORNEY GENERAL

LWW:IJ

APPROVED
OPINION
COMMITTEE
By
Chairman